W. F. CONNELL, *Guardian*, v. ISAAC MOORE *et al.*
**No. 13,778.** ( 78 Pac. 164.)

### SYLLABUS BY THE COURT.

1. PROBATE COURT—*Jurisdiction—Appointment of Guardian.* The probate court in the county of a minor's domicile is the court having jurisdiction to appoint a guardian of the person or estate of a minor.

2. ———— *Sale of Minor's Interest by Court without Jurisdiction is Void.* Where the probate court of one county issued letters of guardianship of the person and estate of a minor whose domicile was in another county, and upon application made its order directing a sale of the minor's interest in real estate situated in the former county, it is *held*, in a suit in partition in the district court of that county, by the guardian of said minor subsequently appointed by the probate court of the latter county, that the proceedings in the former probate court and the guardian's deed were void as against the purchaser at such sale, and also void as against his grantee claiming under the deed.

Error from Elk district court; GRANVILLE P. AIK-MAN, judge. Opinion filed October 8, 1904. Reversed.

*R. H. Nichols,* for plaintiff in error.

*T. J. Hudson,* for defendants in error.

The opinion of the court was delivered by

ATKINSON, J.: This is suit in partition by W. F. Connell, as guardian of Midget Connell, minor heir of D. W. McKey and Sarah McKey, deceased, against Isaac Moore and others. Plaintiff claimed for his ward an undivided one-fourteenth of a 200-acre tract in Elk county. There was judgment for defendants quieting title against the claims of plaintiff.

In February, 1901, D. W. McKey died intestate, leaving as his only heirs a widow, Sarah McKey, six adult children, and two grandchildren—the issue of a deceased daughter, Elizabeth J. Connell, one of them being the minor, Midget Connell. Within a week after the death of D. W. McKey his widow, Sarah McKey, died intestate, leaving the six children and two grandchildren as her only heirs. D. W. McKey, at the time of his death, was the owner of a tract of 200 acres of land in Elk county, upon which he, with his wife, Sarah McKey, were residing at the time of his death. There was no administration upon the estates of said D. W. McKey or Sarah McKey, deceased. W. F. Connell is the father of Midget Connell, and the surviving husband of Elizabeth J. Connell. He, with the members of his family, including the minor, Midget Connell, continuously resided in Greenwood county.

On the 30th day of April, 1901, W. F. Connell was by the probate court of Elk county appointed guardian of the person and estate of Midget Connell. In the

letters of guardianship, and in all proceedings in the probate court of that county, Midget Connell was designated as the minor heir of Elizabeth J. Connell. On the same day said guardian, by petition, made application to the probate court of Elk county to sell the minor's interest in the 200-acre tract, which was designated as an undivided one-twenty-eighth of the tract. In these proceedings no reference was made to the minor's interest's having been inherited through the grandparents, D. W. McKey and Sarah McKey. After approved notice on the minor and a hearing by the court, it was ordered sold at private sale, for cash, at not less than three-fourths of its appraised value. The one-twenty-eighth interest was appraised at $129.10. The guardian, on May 24, 1901, reported to the probate court the private sale of it to L. S. Trusler, for $129.10, cash in hand.

This sale was by the probate court approved, and the guardian ordered to execute and deliver to the purchaser a deed for the lands and tenements sold. Pursuant to said order the guardian executed to L. S. Trusler a deed conveying "all the right, title and interest of said minor in and to" the 200-acre tract. Thereafter the grantee obtained the possession of the deed from the guardian, to be used in establishing title to the premises for the purpose of procuring a loan to pay the purchase-price thereof, he having theretofore purchased the interests of the other heirs.

It appears that through Trusler, or the parties interested in making the loan, the guardian's deed was placed on record without the knowledge or consent of the guardian. The probate judge about this time discovered that Elizabeth J. Connell, the mother of the minor, had died prior to the death of her parents, D. W. McKey and Sarah McKey, and that the minor's interest in the premises was an undivided one-fourteenth

Connell v. Moore.

instead of an undivided one-twenty-eighth, the basis
upon which the guardian's sale had been conducted
and approved by the probate court.   It had been
theretofore considered by the probate court, and by
the parties interested, that W. F. Connell, the sur-
viving husband of Elizabeth J. Connell, deceased,
had inherited and owned one-half of the interest
which his deceased wife inherited through her parents.
Trusler was ready and willing to pay the guardian for
an undivided one-fourteenth interest in the premises,
on the basis of $3600 as the purchase-price for the 200-
acre tract, but insisted that he first obtain through the
guardian good title for a one-fourteenth interest.   In
that condition the matter dragged along.   In the
meantime defendant Isaac Moore purchased of Trus-
ler the 200-acre tract, taking from Trusler a warranty
deed therefor, and has since been in the occupancy
of said premises.

On the 19th day of March, 1902, W. F. Connell,
believing that the probate court of Elk county was
without jurisdiction to appoint him guardian, and
that all proceedings in that court were void, made
application to the probate court of Greenwood county,
the county of the minor's domicile, and was ap-
pointed guardian of the person and estate of Midget
Connell, minor heir of D. W. McKey and Sarah Mc-
Key, deceased, and as such guardian commenced this
suit in partition.

It is claimed by defendant Moore that he bought
the land of Trusler relying upon the record title, and
was in possession under the purchase ; that he had
no knowledge that the deed had not been delivered
by the guardian to Trusler, or that the purchase-price
remained unpaid.   While the deed recites that it
conveys all the interest of the minor in the 200-acre
tract, it discloses that the probate proceedings were

before the probate court of Elk county. The proceedings in the Elk county probate court, of which Moore was bound to take notice, disclose that the minor was a resident of Greenwood county. The application to sell the minor's interest in the premises, and the order made thereon, referred to a one-twenty-eighth, instead of a one-fourteenth, interest.

The testimony of defendant Moore disclosed that he was acquainted with the family of D. W. McKey and Sarah McKey; that he knew the minor, Midget Connell, inherited her interest in the premises from her grandparents; that the grandparents survived Elizabeth J. Connell, mother of the minor, and that he also knew that the minor resided in Greenwood county.

It cannot, then, well be said that defendant Moore purchased the premises relying upon, and was misled by, the records. While he may have been without knowledge that the guardian's deed had not been delivered to Trusler, and that the purchase-price had not been by Trusler paid to the guardian, the sufficiency of his title does not depend upon these facts. Nor is the question to be determined, as suggested, whether the proceedings of the Elk county probate court, and the guardian's deed based thereon, conveyed an undivided one-twenty-eighth, or an undivided one-fourteenth, interest in the 200-acre tract.

The real question to be determined is, Did the probate court of Elk county acquire jurisdiction to appoint such guardian and make its order directing a sale of the minor's interest in the premises? If, because it was not the county of the domicile of the minor, the probate court of Elk county was without jurisdiction, then the proceedings in that court and the guardian's deed were void, the guardian's deed

passed no title, and the district court erred in rendering judgment for defendants.

In the preparation of the civil and criminal codes (Gen. Stat. 1901, chs. 80, 82) care was exercised to designate specifically what district court in the several counties of the state should acquire jurisdiction of civil and criminal cases. Equal care appears to have been exercised in the executors' and admistrators' act (Gen. Stat. 1901, ch. 37) to designate specifically what probate court in the several counties of the state should acquire jurisdiction to administer upon the estates of deceased persons. A like degree of care is not shown to have been exercised, in the act relating to guardians and wards (Gen. Stat. 1901, ch. 46), to designate specifically what probate court in the several counties of the state should acquire jurisdiction for the appointment of a guardian to administer upon the estates of minors residing in the state and having property necessitating the appointment of a guardian.

Section 1 of said chapter 46 declares the father and mother to be the natural guardians of the persons of their minor children. Section 4 provides that, where the minor child has property not derived from either of the parents, "a guardian must be appointed by the probate court to manage such property." Section 5 provides that the father, or, in case of his death, absence, or incapacity, the mother, may be appointed guardian to take charge of the property of the minor, if by the court deemed a suitable person. If there be no testamentary guardian, and both parents be dead, or disqualified to act as guardian, it is provided by section 2 that "the probate court may appoint one"; but it is not specifically stated what probate court shall have jurisdiction. The clear and reasonable inference to be

drawn from the provisions of the act, and from the language used, is that the court having jurisdiction to appoint a guardian for the estate of a minor is the probate court of the county of the minor's domicile.

It appears that the precise question has never been determined by this court. In *Modern Woodmen v. Hester*, 66 Kan. 129, 71 Pac. 279, following the declaration that after the death of the father the domicile of the mother determines the domicile of the minor children, it was impliedly said that the probate court of the county of the minor's domicile was the court having jurisdiction to appoint a guardian. The court of appeals of Missouri, in construing an act quite similar to our own, relating to guardians and wards, held that the jurisdiction to appoint a guardian for a minor rests alone with the probate court of the county where the minor has his domicile. (*De Jarnet v. Harper*, 45 Mo. App. 415.)

It is the policy of the law to give to the individual a near-by and convenient court. Save in exceptional cases, hardships have not been visited upon the citizen by requiring him, at the expense of time and means, to respond over long distances to the process of the courts. The jurisdiction of tribunals having judicial powers has wisely been limited in that particular. In pursuance of this policy of the law there has been established by the legislature a probate court in each county of the state. The undoubted purpose of the legislature in so doing was to give the inhabitants of each county a near-by and convenient tribunal having jurisdiction of probate matters. It will hardly be urged that an exception to these favors in the law was intended by the legislature to be made against the resident minors. Because of their tender years and lack of experience, minors are favorites of the law. It is not uncommon to find exceptions in the law par-

ticularly favorable to them.   For the reasons stated, to permit a probate court other than that of the county of the minor's domicile to take jurisdiction of his person and estate would be legislation discriminating against him.

The mere fact that the legislature failed to designate specifically, in the act relating to guardians and wards, what probate court should acquire jurisdiction of the persons and estates of minors will not be presumed to have been intended to operate against the minor ; nor should it be construed to his disadvantage, if equally susceptible of two constructions.   If, as in the case at bar, the county adjoining that of the minor's domicile had jurisdiction of the person and estate of the minor, as was sought to be exercised by the probate court of Elk county, then any county in the state, no matter how remote, especially where there chanced to be property belonging to his estate, would have, or could acquire, jurisdiction.   This might not only result in much inconvenience, and be also used to the minor's disadvantage in administering the affairs of the estate, but the distance would necessitate added and unnecessary expense.

The judgment of the district court will be reversed, with direction to proceed in accordance with the views herein expressed.

All the Justices concurring.