Modest v. Soldiers' Compensation Board.

No. 26,850.

CHARLES W. MODEST, *Appellee,* v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Bona Fide Residence—Evidence.* In an action to compel the state compensation board to allow a soldier's compensation to plaintiff, the evidence examined and held to show that plaintiff was not a resident of Kansas at the time he entered the service of the United States as a soldier in the world war, and that the evidence was insufficient to support a judgment in his behalf.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 9, 1926. Reversed.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Benjamin W. Berg,* county attorney, and *W. B. Grant,* assistant county attorney, for the appellant.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, Charles W. Modest, claimed compensation as a Kansas soldier for military service in the world war.

His claim was disallowed by the defendant board on the ground that he had failed to show that he was a resident of Kansas at the time he entered the service.

Plaintiff appealed to the district court of Montgomery county, which heard all the evidence the parties cared to submit. This included plaintiff's own testimony and that of his mother who resided in Cherryvale, and the testimony of two women of Cherryvale who had known plaintiff during his boyhood in and about Cherryvale and who had kept in touch with him and his family after he grew to manhood and removed to California.

The evidence for the defendant board consisted in part of matters elicited in the cross-examination of plaintiff, and of certain data set forth in plaintiff's written application for compensation, the recitals of his honorable discharge from the army, his enlistment record, and certified copies of records of the war department showing plaintiff's enlistment was accredited to California, and that his

Appeal and Error, 4 C. J. p. 882 n. 21. Bounties, 9 C. J. pp. 301 n. 11, 311 n. 43.

residence at the time of his enlistment was at Richmond in that state.

The trial court made a finding that plaintiff was a resident of the state of Kansas at the time he enlisted in the service of the United States army in 1917 and entitled to compensation.

Judgment was entered accordingly and the compensation board appeals, complaining that its demurrer to plaintiff's evidence should have been sustained, and that there was no evidence to support the trial court's finding which is the basis for the judgment.

According to the record, the evidence was to this effect: Plaintiff's boyhood and early manhood were spent in Cherryvale. He married there, and in 1914 moved to Richmond, Cal., where he established a home and voted as an elector of that state. He served some time in a California regiment on the Mexican border. In March, 1917, his wife died leaving an infant son. In July of that year plaintiff's mother went from Kansas and lived with him in California until September 21, when she returned to Cherryvale, and brought plaintiff's infant son with her. After their departure plaintiff took lodgings in a hotel in Richmond and on November 1, 1917, enlisted in the army at Camp Kearney, California. He served as a cook in the 328th U. S. infantry, A. E. F., and was given an honorable discharge at Presidio, San Francisco, July 31, 1919, with travel pay to Camp Kearney.

Plaintiff's application for compensation under the Kansas statute in part recites:

"2. Address at time of enlistment, induction or commission: (City) Cherryvale. (State) Kansas. (Street and number) 321 East Sixth street.

"3. Present address: (City) Cherryvale. (State) Kansas. (Street and number) 321 East Sixth street. . . .

"7. Was applicant a resident of the state of Kansas at the time of entering service? (Yes or no) Yes. . . .

"14. Was applicant absent from Kansas during any part of the year immediately preceding entering service? (Yes or no) Yes. . . .

"17. Where did applicant last vote before entering service? Hopeville, California. . . .

"19. Name and address of applicant's employer at time of enlistment, induction or commission: (Name) Standard Oil Co. (Address) Richmond, California. . . .

"22. If applicant enlisted or registered for the draft in another state than Kansas, state why. (Not answered.) . . .

"27. Remarks: First wife died March 2, 1917. Mother of applicant took child and belongings of applicant to old home at Cherryvale, Kan., which

place applicant considered his place of residence after death of wife, March 2, 1917."

In his oral examination plaintiff testified that the death of his wife broke up his California home and that he decided to return to his old home in Cherryvale.

"Q. After you enlisted in Camp Kearney did they ask you where your residence was?  A. Yes.

"Q. What did you tell them?  A. Cherryvale, Kansas.

"Q. Did you intend to return there as soon as you got out of the army? A. Yes, sir.

"Q. How did it happen you did not return to Cherryvale when you enlisted? A. I wanted to enlist in the same regiment I was in on the border.  . . .

"Q. Did you consider that [city, Cherryvale] to be your home?  A. Yes, sir.  . . .

"Q. Did you consider that to be your home after the death of your wife? A. Yes, sir."

*"Cross-examination.  . . .*

"Q. Now you say you are living at Cherryvale at this time?  A. Yes, sir. [This time appears to have been in 1925 according to journal entry of judgment.]  . . .

"Q. How long have you lived in Cherryvale?  A. This last time has been close to *four months.*

"Q. Where were you living previous to that?  A. In Texas.

"Q. You remarried since your discharge?  A. Yes, sir.

"Q. Did you establish a home in Texas?  A. No, sir.

"Q. Where did you live?  A. I was married in Oakland, California.

"Q. Did you go to housekeeping again?  A. No, sir.

"Q. You had a residence with your wife?  A. Yes, sir.

"Q. I believe it is disclosed in the records here that you separated from this woman?  A. Yes, sir.

"Q. Did you come to Cherryvale shortly after your separation?  A. No, sir.

"Q. Where did you continue to live?  A. After we left California we came here; then to Texas.  . . .

"Q. You voted at several different elections, didn't you?  A. I don't remember but one, in California. That was at a city election.  . . .

"Q. *Did you live in Kansas at any time during the five years next preceding your enlistment?  A. No; I did not live in Kansas.*  . . .

"Q. Did you have in mind enlistment in the army when you broke up housekeeping in Richmond?  A. No, sir.

"Q. Did you continue to work in your employment [in California] when your mother got the boy?  A. Yes, sir.  . . .

"Q. You had it in mind that you would enlist, but didn't know when?  A. Yes, sir.

"Q. Then why didn't you come back and enlist in Kansas?  A. Because I wanted to join the old outfit that I was in before.

"Q. Then you did not intend to come to Kansas, and the reason, you say, you wanted to enlist with the bunch out there? A. Yes, sir.

"Q. You gave as your residence, Cherryvale, Kan., when you enlisted? A. Yes, sir.

"Q. Can you explain to the court why the adjutant general's office in Washington, D. C., gave Richmond, Cal., as your residence? A. When I left I went to Richmond to enlist and then went to Camp Kearney to enlist with them, and the officers asked why I gave Cherryvale as my home and why I came out to enlist there. I was out there and then my mother and boy came back to Cherryvale, my home, and that's why I gave it as my residence. They asked me where I worked and I said Richmond. . . .

"Q. In fact, you were turning the custody of your boy over to your mother? A. Yes; and intending to come home later as soon as I could.

"Q. And since your discharge and up until about four months ago you have not lived in Kansas? A. No; I lived in and out of Kansas. Was here off and on."

Given generous credence and all the favorable inferences to which plaintiff's evidence is entitled—since the trial court dealt with it in that mood—can it be said that plaintiff was a resident of Kansas at the time he entered the military service of the United States, on November 1, 1917?

We think not. Our statute grants compensation only to soldiers who were *bona fide* residents of Kansas at the time they entered the service. (R. S. 73-102.) This applicant was not then a resident of Kansas. He had not resided in Kansas at any time for five years prior to his enlistment. He so testified. Moreover, his testimony merely was that when he got through with his army service—not when he entered it—he *intended* to become a resident of this state. Furthermore, his testimony shows that he did not even carry out that intention. When he did retire from the army he married and settled down in California for a time, and not until a few months prior to the trial of this action—several years after his discharge from the army—did he become a resident of Kansas.

It follows that plaintiff has no just claim against the defendant board for compensation. Nor is this a case where conflicting evidence had to be weighed and its preponderance determined, and where this court would be bound by the trial court's finding of fact. Here the evidence was altogether insufficient to support the judgment. It follows that the judgment must be reversed and the cause remanded with instructions to enter judgment for defendants.

It is so ordered.