No. 27,352.

In re Application of M. E. MELROY for a Writ of Habeas Corpus for GEAN GORDON MELROY, a Minor, Petitioner, *Appellee*, v. SO-PHIA B. KEISER, Respondent, *Appellant;* HUGH E. MELROY, In-terpleader, *Appellee.*

SYLLABUS BY THE COURT.

1. PARENT AND CHILD—*Right to Custody of Child.* The father of a minor child (the mother being deceased) who has never legally surrendered his right to the custody of the child, and who is not found or adjudged to be an improper person to have such custody, is entitled to the custody of the child.

2. GUARDIAN AND WARD—*Custody of Child—Right of Parent.* The right of the father (the mother being deceased) to the custody of his minor child is not impaired by an order of the probate court appointing another as guardian of the person of such child where no issue concerning the father's fitness in that regard was presented to or determined by the probate court in the proceeding in which such appointment was made.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 7, 1927. Affirmed.

*John R. Parsons,* of Wakeeney, and *W. L. Sayers,* of Hill City, for the respondent, appellant.

*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the interpleader, appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a habeas corpus proceeding for the custody of a minor child. The court below, after a full hearing, made exhaustive findings of fact, also conclusions of law, and rendered judgment in favor of the father, who was an intervener in the case.

The material facts are substantially as follows: The child, Gean Gordon Melroy, was born November 10, 1920. His mother was killed in an automobile casualty May 21, 1922. Soon thereafter his father, Hugh E. Melroy, took the child to the home of his mother, Mrs. M. E. Melroy. About that time he had a talk with the respondent, who is the child's maternal grandmother, in which he expressed the faith that respondent could make a home for the child and the doubt whether his mother, Mrs. M. E. Melroy, was situated to take proper care of the child. Notwithstanding these expressions he

Appeal and Error, 4 C. J. p. 877 n. 80. Guardian and Ward, 28 C. J. p. 1111 n. 42. Parent and Child, 29 Cyc. p. 1590 n. 55; 20 R. C. L. 595.

placed the child with his mother, so far as he was able to do so by actual delivery and by written instrument, the nature of which written instrument is not disclosed. Hugh E. Melroy then joined the navy, where he remained for a three-year term and until honorably discharged in April, 1925. Soon after Hugh E. Melroy went to the navy the two grandparental families began a contest for the child. Finally some kind of an agreement was had between them by which each family in turn had charge of the minor for a few weeks at a time. At one time when the respondent had the child she went into probate court and, on her application, was appointed guardian of the person and estate of the child. The paternal grandmother, Mrs. M. E. Melroy, then brought this proceeding for a writ of habeas corpus in the probate court. It was appealed to the district court. There an application was made that the child's father, Hugh E. Melroy, be made a party to the action and required to plead to the response of the respondent. This order was made in November, 1925. The father appeared and answered the response. The answer disclosed that he had completed his service in the navy; that he was married again; that he is a linotype operator capable of earning $35 a week, and was employed; that he and his present wife were maintaining a home, and desired the custody of the child. At the close of the hearing the court awarded the custody of the child to his father, Hugh E. Melroy. The respondent has appealed from that decision.

The legal questions involved are not many nor difficult. The child's father, never having legally surrendered his right to the custody of the child, by consenting to its adoption or otherwise, is entitled to the custody of his own child. This is so well settled in the law that no authorities are needed to support it. An effort was made to show that the father was not a suitable person to rear the child, but the trial court found against respondent on that issue, and upon all other controverted questions of fact. These findings are supported by the evidence and they are binding on this court.

The order of the probate court appointing respondent guardian of the person of the child, without the consent of the child's father, and where no issue concerning the father's fitness was presented or determined in the proceedings in which such appointment was made, is not binding on the father. (*In re Brown*, 98 Kan. 663, 159 Pac. 405.)

The judgment of the court below is affirmed.