No. 30,255.

H. P. Jaggar, as Guardian of the Person and Estate of Charles O. Rader, a Minor, *Appellee*, v. M. M. Rader and The National Surety Company of New York, *Appellants*.

(7 P. 2d 114.)

Opinion filed January 30, 1932.

*John R. Parsons,* of Wakeeney, for the appellants.
*C. A. Spencer* and *J. H. Jenson,* both of Oakley, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order of the trial court sustaining a demurrer to an answer. The petition alleges that the

defendant, M. M. Rader, was the guardian of the person and estate of Charles O. Rader, a minor, and had money belonging to the minor which had come into her hands as such guardian; that on February 20, 1930, the probate court of Logan county made an order removing M. M. Rader from such guardianship and appointing plaintiff, H. P. Jaggar, guardian of the person and estate of the minor; that plaintiff had made demand on M. M. Rader to turn over to him the money held by her as such guardian, which demand had been refused. The action is against the former guardian and her surety.

The defendant, M. M. Rader, answered and alleged that she is the mother and the natural guardian of Charles O. Rader, whose father died in 1919, leaving an estate; that money in her hands belonging to the minor came from that estate; that it has never been shown she is not a proper person to have the custody of the minor, or to have charge of his estate; that at the time of the pretended appointment of plaintiff as guardian of Charles O. Rader by the probate court of Logan county this defendant was a resident of Rice county, which place was the legal residence of Charles O. Rader; that the probate court of Logan county had no jurisdiction to make the appointment of plaintiff, and that he has no capacity to maintain this action. In her answer she admits that from the sale of lands and rents she has received $559 for the estate of Charles O. Rader, and alleges she had filed with the probate court of Logan county her account, showing such receipts; also showing that she had paid from her own account for the benefit of the minor's estate the sum of $379.52, for which she asked credit, which account has not been acted upon by the probate court.

We find it necessary to determine the question only of the validity of plaintiff's appointment, which primarily depends upon the jurisdiction of the probate court of Logan county to make the appointment, in view of the facts pleaded in the answer. While this question is sufficiently raised by the answer and demurrer, the story is enlarged in the briefs, which inform us that M. M. Rader and her husband, with their family, formerly lived in Logan county, where he died (intestate, we presume) in 1919, leaving as his heirs his widow, M. M. Rader, and several minor children, one of whom is Charles O. Rader. At the time of his death he owned land in that county. Soon after his death the mother, M. M. Rader, was appointed guardian of the minor children, including Charles, by the probate court of Logan county. Some time thereafter she moved,

with her children, to Ellsworth county, where she resided several years, and then moved to Rice county, where she has since resided, and which county is now her place of residence. In 1929 the son, Charles, having attained the age of fourteen years, went to Logan county, and there made application to the probate court to have his mother removed as his guardian and to have plaintiff appointed, which application was allowed by the court. This request appears to have been made because of our statute (R. S. 38-206), which provides that a minor over the age of fourteen years, if of sound intellect, may select his own guardian, subject to the approval of the court.

We first observe that the appointment of plaintiff, in so far as it related to the guardianship of the person of the minor, is void under the allegations of the answer. Mothers of minor children (their father being dead) are not only the natural guardians of the person of the minors, but are their statutory guardians (R. S. 38-201), and a mother may not be removed as such guardian without a finding, after a due hearing in an appropriate proceeding, and a judgment that she is unfit to have the custody or guardianship of such minor. (*In re Brown*, 98 Kan. 663, 159 Pac. 405; *Melroy v. Keiser*, 123 Kan. 513, 255 Pac. 978; see annotations on this point, 63 A. L. R. 1147.) But since this is an action primarily involving the property of the minor, perhaps the portion of the order appointing plaintiff guardian of the person of the minor may be ignored.

Turning now to the principal question in the case. Did the probate court of Logan county have jurisdiction to appoint a guardian of the estate of the minor, Charles O. Rader, in February, 1930? An examination of the question compels the conclusion that the court did not have such jurisdiction. It is well settled, generally speaking, that a minor has no capacity to select a domicile or place of residence of his own. (*Modern Woodmen v. Hester*, 66 Kan. 129, 71 Pac. 279; *In re McCoun*, 96 Kan. 314, 150 Pac. 516; *Chumos v. Chumos*, 105 Kan. 374, 381, 184 Pac. 736; *Fry v. Heargrave*, 129 Kan. 547, 549, 283 Pac. 626; *Wear v. Wear*, 130 Kan. 205, 221, 285 Pac. 606.)

The few exceptions to this general rule are not applicable here. The father being dead, the mother selects the place of residence for herself, which place becomes her domicile and that of the minor children. For the purpose of this case we may treat "place of resi-

dence" and "domicile" as synonymous. The place of residence of the mother being in Rice county, that county was, in law, the place of residence of the minor, Charles O. Rader. The probate court of the county of the minor's legal residence is the court, and the only probate court, which has jurisdiction to appoint a guardian for the minor's estate. (*Modern Woodmen v. Hester*, supra; *Connell v. Moore*, 70 Kan. 88, 78 Pac. 164.) The rule is the same with lunatics as with minors (*Foran v. Healy*, 73 Kan. 633, 85 Pac. 751), even if his residence is in another state. (*Trust Co. v. Allen*, 110 Kan. 484, 204 Pac. 747.) The same rule applies to the jurisdiction of the court to appoint a guardian of the estate of a minor as applies to the appointment of an administrator of a deceased person. This court has repeatedly held that the probate court of the last residence of the deceased person is the only court which has jurisdiction to appoint an administrator of his estate. (*Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369; *Modern Woodmen v. Hester*, supra; *Anderson v. Walter*, 78 Kan. 781, 99 Pac. 270; *Dresser v. Bank*, 101 Kan. 401, 168 Pac. 672.)

In support of the judgment of the court below the appellee cites a number of cases supporting the rule that when two or more courts have concurrent jurisdiction of a matter the one first acquiring jurisdiction retains it to the end of the litigation. This is an important, well-recognized rule, but it has no application here for the reason that no two courts have jurisdiction to appoint the guardian of the estate of a minor. But one court has such jurisdiction, and that is the probate court of the county of the minor's legal residence.

The probate court of Logan county had jurisdiction to appoint the defendant, M. M. Rader, guardian of the estate of the minor, Charles O. Rader, at the time the appointment was made, soon after the death of her husband, for at that time she and the minor were residents of Logan county. But when she moved with her family, as she had a perfect right to do, away from Logan county, first to Ellsworth county, which was her home for several years, and then to Rice county, which became her home, the probate court of Logan county lost jurisdiction to appoint a new guardian for the minor. It could retain the business it had, could require the guardian, which it rightfully appointed, to make reports, and, generally, the estate of the minor could be administered by the guardian which that court had rightfully appointed. Perhaps it could remove the

guardian for any good cause shown, but it had no jurisdiction to appoint a new guardian. The probate court of Rice county is the only court having jurisdiction to· appoint a new guardian, under the allegations of the answer.

The result is the judgment of the court below must be reversed with directions to overrule the demurrer to the answer and to dispose of the case in harmony with this opinion. It is so ordered.