No. 31,068.

LINNIE E. KNUTH, *Appellant*, v. THE KANSAS COMPENSATION
BOARD et al., *Appellees*.

(20 P. 2d 471.)

Opinion filed April 8, 1933.

*F. P. Dodds*, of Lawrence, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-
general, and *Joseph J. Dawes*, county attorney, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one for compensation under the
act relating to compensation to veterans of the world war. Com-
pensation was denied by the compensation board. The veteran
appealed to the district court, and compensation was again denied.
Meantime, the veteran died, and the action was revived in the name
of his widow, Linnie E. Knuth. The widow appeals.

The question involved is whether or not the veteran was a resident
of Kansas when he entered the service. There is no conflict in the
evidence which established the following facts:

George F. W. Knuth was born in Germany on March 12, 1875.
When a boy he came with his parents to Minnesota and settled in
that state. On July 2, 1898, when he was a little more than twenty-
three years old, he enlisted in the army of the United States and,
with the exception of a few days between discharges and reënlist-
ments, he remained in the army until he retired in 1930. His death
occurred in September, 1931. All of his discharges were honorable.

In 1909 Knuth was transferred to Fort Leavenworth. Fort
Leavenworth remained Knuth's military station until he retired
from the army, and he was not away from the station except from
October, 1918, to March, 1919, while on military duty.

In March, 1905, Knuth married the present appellant at Oakland,

Cal. In 1906 or 1907 a son was born, who is still living. Knuth was transferred to Fort Leavenworth in January, 1909, and his wife came in February. At first they lived on Ottawa street in the city of Leavenworth, which is in Leavenworth county, Kansas. Later Knuth purchased a house and lot at 608 Dakota street in the city of Leavenworth. Fort Leavenworth is also in Leavenworth county, Kansas, and the city of Leavenworth adjoins the military reservation on the south. On May 1, 1909, the Knuths moved into their own home at 608 Dakota street. About 1915 Knuth tore down the house and erected on the lot a more modern home. From May 1, 1909, until his death, Knuth and his family made their home at 608 Dakota street, Leavenworth, with this exception: Knuth attained the rank of master sergeant. The government furnished quarters on the military reservation to master sergeants, and from sometime in 1913 until December, 1917, Knuth and his wife occupied such quarters. As indicated, Knuth himself was absent on duty from October, 1918, to March, 1919. When he returned, he returned to his home on Dakota street.

In 1910 Knuth registered as a voter residing at 608 Dakota street in the city of Leavenworth, and he voted regularly at elections, even during the period he was occupying government quarters at the fort.

Under the Kansas compensation act Knuth's service in the world war dated from April 6, 1917. A term of enlistment expired in January, 1917. On January 12, 1917, he reënlisted and gave Fort Leavenworth as his residence at that time. As indicated, at that time Knuth and his wife were living in government quarters at the fort, but in December, 1917, they moved back to their home at 608 Dakota street.

The state of Minnesota enacted a soldiers' bonus law in 1919. The Kansas compensation act became effective January 19, 1923. In March, 1921, Knuth made application for bonus under the Minnesota law. The application was allowed, and the bonus was paid.

In the verified application for the Minnesota bonus, Knuth gave the date of his enlistment as July 2, 1898, gave the place of his enlistment as Worthington, Minn., and stated he had been in the United States army ever since July 2, 1898. He stated he was a resident of Minnesota for twelve years previous to enlistment, and gave his legal residence at the time of enlistment (1898) as Brewster,

Minn. He gave his legal residence at the time of his application (1921) as the United States army, gave his business address as United States army, and gave his permanent address as Post Headquarters, Fort Leavenworth, Kan. The state of Minnesota received credit for Knuth's service in the world war.

The district court found Knuth was not a resident of Kansas on April 6, 1917, but the court did not indicate the place of Knuth's residence on that date. The statute reads:

"The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning. . . ." (R. S. 77-201, 23d subdiv.)

While for many purposes there is a clear legal distinction between residence and domicile, the statute was really dealing with domicile. (*Modern Woodmen v. Hester,* 66 Kan. 129-136, 71 Pac. 279; *Pendleton v. Pendleton,* 109 Kan. 600, 201 Pac. 62; *Ford, Adm'x, v. Peck,* 116 Kan. 74, 225 Pac. 1054. See, also, *Hart v. Horn,* 4 Kan. 232.)

What constitutes domicile and how domicile may be acquired, maintained and changed are sufficiently discussed in the opinions in the cases cited. In the case of *Keith v. Stetter,* 25 Kan. 100, the opinion by Brewer, J., reads:

"The residence of a man who has a family which he maintains, and which has an established home, is *prima facie* with that family. Wherever he locates that family in anything like a fixed and permanent residence, it is presumptively his chosen place of residence. Wherever he may go for business or pleasure, he resides at home, and home is where the family dwell." (p. 103.)

In this instance, Knuth's domicile after coming to the United States was in Minnesota, and it is elementary that he neither gained nor lost his domicile by reason of service in the United States army. However, in 1909 and 1910 he did everything a man could do to manifest abandonment of the Minnesota domicile, which existed as a matter of legal theory only, and to manifest adoption of 608 Dakota street, city of Leavenworth, Kan., as his domicile in fact. The presumption arising from the facts which have been stated is that when he settled his family in the home he had purchased and lived there with them, that place was his domicile, and there is no evidence to overthrow the presumption. In 1913 the government provided quarters for master sergeants at the fort. Knuth took advantage of the opportunity and moved into the government quarters. In 1915, while occupying quarters at the post, he made

the house into a modern home. He continued to exercise the privilege of citizenship by voting in the city of Leavenworth, and in 1917 he moved back to his home at 608 Dakota street, city of Leavenworth, Kan.

When Knuth's term of enlistment expired in January, 1917, he reenlisted and gave his residence as Fort Leavenworth, where he was in fact living. What did he mean when he said his residence was Fort Leavenworth? The statement was perfectly true and perfectly normal if the word residence was used in the popular sense, but was very queer if used in the legal sense. Did Knuth understand the difference between residence and domicile and mean to say he had abandoned the home he had purchased and improved and occupied, intending not to return, had renounced the political privileges which residence in the city of Leavenworth afforded and which he was regularly exercising, and had adopted as a permanent abode for himself and family a place where he could not continue to reside for a day at his own volition, and a place to which he could not return, if absent, except on orders? The reënlistment was just another reënlistment in the army, and the court holds it would be unreasonable to interpret Knuth's designation of residence as designation of domicile. Nothing occurred between January 12 and April 6, 1917, to effect a change of Knuth's domicile, and the necessary conclusion is that when Knuth entered service in the world war he was a resident of Kansas within the meaning of the veteran's compensation act.

The material statements contained in the application for the Minnesota bonus have been recited. No statement of fact contradicted the fact that in April, 1917, Knuth was a *bona fide* resident of Kansas. The fact of residence controls, and not the procuring of payment of bonus by another state. (*Parrish v. Soldiers' Compensation Board,* 117 Kan. 301, 231 Pac. 332.)

The judgment of the district court denying compensation is reversed, and the cause is remanded with direction to enter judgment for the veteran's widow.