No. 32,365

Joe W. Trammell, *Appellant*, v. The Kansas Compensation
Board et al., *Appellees*.

(46 P. 2d 867)

Opinion filed
July 6, 1935.

*F. B. Dodds,* of Lawrence, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, *Forrest D. Smythe,* special assistant attorney general, *Richard B. Stevens,* county attorney, and *Theo. Varner,* of Independence, for the appellees.

The opinion of the court was delivered by

Hutchison, J.: This appeal is from the ruling of the district court of Douglas county in an application for compensation under the soldiers' compensation law of Kansas, denying the application on the ground that the claimant had failed to establish that he was a resident of the state of Kansas at the time he enlisted in the service, and from the further order of the district court overruling claimant's motion for a new trial because of newly discovered evidence. The first proposition involves the question of the right of a minor to select and establish a residence for himself apart from his parents, and the second proposition concerns the question of showing reasonable diligence in endeavoring to discover and produce the additional evidence at the trial.

The evidence produced at the trial showed that claimant was born at Shawnee, Okla., June 23, 1899; that the name of his father was

William Robert Trammell, and his address at the time of the enlistment was Roosevelt, Okla., that his mother's name was Mrs. William R. Trammell and her address at the time of the enlistment was Roosevelt, Okla.; that claimant was a resident of Lawrence, Kan., and had been since 1913; that he was a student in Haskell Institute at Lawrence, Kan.; that he enlisted there with other students of that institute on April 25, 1917, and received "travel pay" back to Lawrence, Kan., when he was honorably discharged from the service on May 17, 1919, and that since 1913 he has never claimed any other place as his residence although he has been away working part of the time since his discharge, but still claims Lawrence, Kan., as his home.

Of course there was positive evidence that plaintiff claimed Kansas as his residence at the time of his enlistment, but was that enough to establish the residence of a minor when his parents were living and residing in another state? There is no question here as to the meaning of the term, "residence," as distinguished from domicile, as fully discussed in *Knuth v. Kansas Compensation Board*, 137 Kan. 392, 20 P. 2d 471, but it is simply a question of the power and capacity of a minor to change his legal residence from that of his parents. In *Jaggar v. Rader*, 134 Kan. 570, 7 P. 2d 114, it was said in the opinion on page 572:

"It is well settled, generally speaking, that a minor has no capacity to select a domicile or place of residence of his own."

In *In re McCoun*, 96 Kan. 314, 150 Pac. 516, it was said:

"The next inquiry is as to the domicile of the minor children. They could not select a domicile for themselves, nor could the fact that they were temporarily outside of the domicile of their father at the time of his death affect the question. Clearly the domicile of the father fixed the domicile of his minor children." (p. 316.)

In 9 R. C. L. 547 it is stated:

"It is a general rule that an infant cannot of his own volition acquire a domicile . . . the domicile of the father is in legal contemplation the domicile of his minor children. If the parents change their domicile, that of the minor necessarily follows it. . . ."

In Restatement, Conflict of Laws, § 30, it is said:

"The domicile of the child during its minority continues to be that of its father, and upon the change of domicile by its father the child takes the father's new domicile.

"The fact that the child lives apart from the father, whether with the per-

mission of the father or not, is immaterial. The child has no power to acquire a domicile of choice nor can the father fix the domicile of the child at any place other than that at which the father has his domicile."

Appellant suggests that the trial court failed to find where the residence was, if not in Kansas. The only fact necessary for determination in the case was whether claimant was a resident of Kansas at the time he enlisted so as to be entitled to the soldiers' compensation, and it was stated in the journal entry "that the plaintiff has failed to sustain the burden of proof by establishing the fact that he was a resident of Kansas at the time he enlisted as a soldier in the world war."

The finding of the trial court was correct under all the evidence given and the authorities above cited.

On the hearing of the motion of plaintiff for a new trial the attorney for claimant furnished an affidavit of the father of the claimant stating that his son had never lived with him at Roosevelt, Okla., that he had shifted or rustled for himself since he was twelve or thirteen years old and that he exercised no control over him and did not furnish a home for him; also an affidavit of an aunt of claimant showing that she had acted as his foster mother, since his parents did not have anything to do with him, that he was not allowed to go home because his parents would not keep him nor take care of him nor provide for him; that the plaintiff never visited his parents at Roosevelt, Okla.; that his mother died during the war and he was not notified of her death by his father; that the only home he had outside of Haskell Institute was with his aunt, the affiant, at Arkansas City, Kan., and that he came there after being shoved out on the world by his parents.

Claimant also made an affidavit covering the same points as contained in the affidavits of his father and aunt, and there was introduced in evidence a certificate from the adjutant general's department that claimant was registered as a resident of Lawrence, Kan., and was accredited to the state of Kansas.

There was no evidence or proof introduced on the hearing of the motion for a new trial as to the diligence exercised by plaintiff in attempting to discover and produce any of this evidence at the time of the trial, and the trial court in overruling the motion for a new trial stated in the journal entry "that the plaintiff has failed to show proper diligence as to why said evidence should not have been produced at the trial of said cause."

The fifth subdivision of the statute stating the grounds for a new trial, R. S. 60-3001, is as follows:

"For newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

In *Manufacturing Co. v. Rice,* 95 Kan. 816, 149 Pac. 742, it was held:

"A judgment will not be reversed because of newly discovered evidence where the party complaining had access to all, and took the depositions of part, of the witnesses disclosing such newly discovered evidence, in the absence of any showing of diligence to produce such evidence at the trial." (Syl. ¶ 2.) .

To the same effect was the ruling in *Terwilliger v. McCorkle,* 108 Kan. 480, 196 Pac. 618:

"A new trial should not be granted on the ground of newly discovered evidence except when the party complaining shows that he exercised due diligence to produce that evidence. Diligence is not shown where the evidence on the application for a new trial establishes that the party knew of the witness and could have ascertained what his testimony would have been by making inquiry, but that he made no inquiry and did not have the witness subpoenaed." (Syl. ¶ 3. See, also, *Martin v. Lown,* 111 Kan. 752, 208 Pac. 565.)

The affidavit of the plaintiff shows that the facts set up therein and in the affidavits of his father and his aunt with reference to his being emancipated from his father's home were not newly discovered as far as the claimant was concerned. He of course knew about all such matters at the time of the trial, and he is the one to whom such matters must be newly discovered in order to justify a new trial.

"A motion for a new trial on the ground of newly discovered evidence will not be sustained where it appears that the testimony relied upon was within the knowledge of the party who was absent from the trial, but who had failed to communicate the facts to the attorney who appeared in his behalf." (*Thisler v. Miller,* 53 Kan. 515, syl. ¶ 2, 36 Pac. 1060.)

We find no error in the ruling of the trial court in finding claimant was not a resident of Kansas at the time he enlisted, or in the overruling of the motion for a new trial.

The judgment is affirmed.