No. 32,950

FREDERICK C. HIPCHEN, *Appellee*, v. THE SOLDIERS' COMPENSATION BOARD OF THE STATE OF KANSAS and THE STATE OF KANSAS, *Appellants*.

Opinion filed November 7, 1936.

*Clarence V. Beck*, attorney general, *Richard L. Becker*, county attorney, and *Raymond Belt*, deputy county attorney, for the appellants.

*E. D. Mikesell*, of Fredonia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was a soldier's compensation case. The state board denied compensation on the ground that claimant was not a resident of Kansas at the time he enlisted in the United States army for service in the World War.

The claimant appealed to the district court, where the matter was threshed out on evidence adduced by the parties. That evidence developed no sharp dispute of material fact.

The trial court held:

"That the plaintiff at the time of his enlistment, to wit, June 4, 1917, and throughout the period of his said service, was an actual bona fide resident of the state of Kansas, and maintained his residential domicile in said state throughout said period of his service.

"That the plaintiff is entitled to compensation from the 4th day of June, 1917, to the 18th day of January, 1919, or a period of 594 days, at the rate of one dollar ($1) amounting to the sum of $594."

Judgment was entered accordingly. Defendants appeal, contending that the judgment was contrary to the evidence.

The main question, however, did not turn on any want of evidence, nor on any sharp controversy over the facts. The question for review largely centers upon the propriety of the trial court's *conclusion* of fact, deduced from the evidence, which in brief was as follows:

Plaintiff's father and mother were divorced when plaintiff was about 15 years of age. The father came to Kansas and established a legal domicile in Chanute. He followed the seasonal trade of a glass blower, which caused him to shift his place of employment from time to time, to Ponca City, Okla., to Wichita Falls, Tex., to Caney, Kan., but he always returned, when convenient, to Chanute.

Plaintiff's mother remarried, and plaintiff and his stepfather were not congenial. When plaintiff was 19 years old, in the early spring of 1915, he wrote to his father that he would like to learn his father's trade. His father sent him money to come to Kansas; he came and began his apprenticeship under his father's instruction; and he made his home with his father in the various places where the glass-blowing trade could be pursued. In April, 1917, when he and his father were working in Caney, the plaintiff, who became of age about that time, went to Pennsylvania to visit relatives. While there he secured temporary employment with an express company, but shortly thereafter decided to enlist in the army without waiting for registration and the draft. He enlisted on June 4, 1917, giving what apparently was his aunt's address, 101 High street, Bradford, Pa., as his place of residence. He received an honorable discharge on January 18, 1919, and claimed travel pay to Caney, Kan., but that claim was not allowed because of his enlistment record as a resident of Pennsylvania. Shortly after his discharge from the army claimant returned to Kansas, finished his apprenticeship, and married a girl with whom he had kept company in Kansas before he became a soldier and with whom he corresponded while he was in the service. When he left Caney to visit his Pennsylvania relatives in April, 1917, he left his extra clothing and other belongings at his father's home in Kansas.

If the record stopped here it would be easy to say that the trial court's conclusion of fact that claimant was a bona fide resident of Kansas at the time he entered the service was eminently correct, and that plaintiff was assuredly entitled to compensation under the

Kansas statute. (R. S. 77-201, subdiv. 23.) For some reason which does not appear, plaintiff delayed his application for compensation until 1931, but it was recommended for allowance by the local compensation board of Montgomery county. The state board, however, disallowed the claim, for—

"Failure to establish a residence in Kansas at the time of entering the service to the satisfaction of the compensation board."

This disallowance was made on March 24, 1932, and there the matter rested for a long time. Two years later, on April 20, 1934, plaintiff applied to the state of Pennsylvania for compensation as a soldier in the World War who enlisted and enrolled from that state. His application was approved and he received from that commonwealth the sum of $180.

In 1935 the Kansas legislature enacted a statute giving ex-soldiers whose applications for compensation had been disallowed an extension of time to appeal, and plaintiff's situation was pertinent thereto. (Laws 1935, ch. 264.) Accordingly he appealed, and as we have seen, the trial court decided in his favor.

Defendants stress the fact that plaintiff's enlistment record shows him to have been a resident of Pennsylvania when he entered the army. He did give the recruiting officer some kinsman's address in Pennsylvania as his place of residence, but that information was manifestly not correct. He had an established domicile with his father in Kansas; he had no intention of forsaking his home in Kansas when he went east to visit relatives; and as a twenty-one-year-old youth, eager to get into the army, he had no concern about the technicalities of the law of domicile. His testimony reads:

"Q. How did you come to enlist? A. I was just coming of age. I either had to enlist or register. I did not want to register, so I enlisted.

"Q. When were you of age? A. April 12, 1917.

"Q. You enlisted June 4, 1917? A. Yes, sir.

. . . . . . . . . . . . . .

"Q. You say you gave Caney, Kan., as your residence? A. I think I did. I am not positive.

"Q. When you got out of the service you received your travel pay to Pennsylvania? A. Yes, sir; to where I enlisted. I tried to get it to Caney but they would not give it to me."

In view of all the evidence, this court is compelled to hold that defendants' contention that the judgment was contrary to the evidence cannot be sustained.

Counsel for defendants have a talking point against the judgment because of the fact that plaintiff obtained soldier's compensation

from Pennsylvania. But that fact is no more than a talking point in this appellate review. Mayhap when this state pays plaintiff what it owes him and which it has so long withheld, he and the Keystone state will have no difficulty in settling their exclusive concerns.

The judgment is affirmed.