No. 33,018

T. J. SULZEN, *Appellee*, v. SCHOOL DISTRICT No. 36 in LECOMPTON, DOUGLAS COUNTY, et al., *Appellants*.

(62 P. 2d 880)

Opinion filed December 12, 1936.

*George K. Melvin* and *R. E. Melvin*, both of Lawrence, for the appellants.
*Edward T. Riling* and *John J. Riling*, both of Lawrence, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action to restrain and enjoin the officers and directors of school district No. 36 in Douglas county and the principal of said school from interfering with plaintiff's children attending said school, which is located within the city of Lecompton.

The petition alleged that plaintiff was an actual bona fide resident of the city of Lecompton, that he and his wife were the owners of a home in said city, that he and his family have occupied said home and his children have been attending said school for more than two years last past, and that the defendants have discharged and dismissed his children from said school because he and his family were not residents of the city and school district No. 36. The answer of the defendants denied specifically the allegations as to the residence of plaintiff and family.

The trial court made findings of fact and conclusions of law and rendered judgment for plaintiff, enjoining the defendants from denying the right of the three minor children of the plaintiff to attend said school. After the overruling of a motion for a new trial the defendant officers appeal to this court, assigning error especially in the inconsistency of the findings of fact and their failure to support the conclusions of law.

The first finding concerns the existence of school district No. 36 and its being within the corporate limits of the city of Lecompton. The remaining findings are as follows:

"2. The plaintiff, T. J. Sulzen, is the head of a family consisting of himself, wife and five minor children. He owns 160 acres of land in Lecompton township, Douglas county, Kansas, and in school district No. 19 of said county. There is situated upon the 160 acres a house suitable for domicile. The plaintiff's wife owns two lots in the city of Lecompton on which there is a house suitable for domicile.

"3. Mrs. Sulzen spent the summer of 1935 on the farm with her husband and family in Lecompton township. She came to the city of Lecompton just before the beginning of the school in district No. 36, in September of 1935, and set up a menage with three of her minor children in the property owned by her in said city. Mrs. Sulzen stays in the city of Lecompton and resides and lives there with her three children a major portion of the time. Ordinarily on week-ends she goes out to the farm where her husband lives. Occasionally Mr. Sulzen, during the week, and sometimes at week-ends stays in the house in the city of Lecompton. The three minor children have been going to school in school district No. 36.

"4. The plaintiff, T. J. Sulzen, is a resident of Lecompton township in the technical sense of the term and he also resides in school district No. 19 in

Lecompton township a major portion of the time. Mrs. Sulzen is a resident of the city of Lecompton, Kan., and school district No. 36.

"5. At the time of the school census in 1935 the plaintiff listed his five children in school district No. 19. Both the plaintiff and his wife voted in the city election in the city of Lecompton in the spring of 1935."

The conclusions of law are as follows:

"1. The three minor children of the plaintiff mentioned in the conclusions of fact reside in school district No. 36 of the city of Lecompton, Douglas county, Kansas, under such cimcumstances that they are entitled to attend schóol in the said district, and might be compelled to do so, under the provisions of the statutes of Kansas relative to schools.

"2. The injunction prayed for should be allowed."

It was distinctly understood that the question of whether or not the plaintiff may be compelled to pay for the tuition of his minor children while attending school district No. 36 was not at issue and no ruling was made thereon.

The finding that plaintiff was a resident of Lecompton township and school district No. 19 in Douglas county is contrary to the allegations of the petition, and aside from the question of paying tuition under some of our statutes, would make his right to maintain such an action rather questionable, but one that need not here be decided. However, the pleadings and findings recognize residence as being the determinative issue in the case. R. S. 72-1107 makes the district schools at all times equally free and accessible to all children resident within the district over six and under the age of twenty-one years. The conclusion that the three minor children of the plaintiff were residents of district No. 36 could not rest upon the residence of the father, who was found to have been a resident of another district.

The finding that the wife of the plaintiff was a resident of the city of Lecompton and school district No. 36 is inconsistent with the finding of the residence of the plaintiff elsewhere and that he was the head of a family consisting of himself, his wife and children. A wife's residence or domicile follows that of her husband.

It was said in *Ford, Adm'x, v. Peck,* 116 Kan. 74, 225 Pac. 1054, that—

"Ford's domicile determined the domicile of plaintiff. Before his death none of the circumstances authorizing her to establish a separate domicile existed, and when he fixed Salina as the permanent place of his abode it became her domicile by operation of law. (*Amsbaugh v. Exchange Bank,* 33 Kan. 100, 5 Pac. 384; *Modern Woodmen v. Hester,* 66 Kan. 129, 133, 71 Pac. 279.)" (p. 77.)

In *Modern Woodmen v. Hester,* 66 Kan. 129, 71 Pac. 279, it was said that—

"During his lifetime the domicile of the father established the domicile of his children. Had they resided apart from him their domicile would not have been changed, and could not have been changed, from his own, except for faithlessness to the parental relation under such circumstances as to indicate a total renunciation of his duty and authority." (p. 133.)

There are certain circumstances which permit husband and wife to have separate legal residences or domiciles, but no such facts were pleaded in this case and no finding shows such a situation, but they are all to the contrary so that without the existence of such special circumstances having been .found the residence or domicile of the wife was necessarily at the same place as that of her husband, and the fact that she owned property or even voted elsewhere would not change her place of residence.

R. S. 77-201 (23) defines residence as follows:

"The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning."

This finding as to the residence of the wife of plaintiff is inconsistent with the finding as to a different residence for her husband.

The first conclusion of law as to the residence of the three minor children being in the city of Lecompton and school district No. 36 is not supported by the findings of fact, because the minor children have no right to select or make a different residence for themselves than that of their parents. Their residence is necessarily the same as that of their father, unless they come within one of the few exceptions which permit of a change, none of which are mentioned in the pleadings or findings.

In the case of *Jaggar v. Rader,* 134 Kan. 570, 7 P. 2d, 114, it was held:

"Generally speaking, a minor has no capacity to select his own place of residence. The place of residence of the mother (the father being dead) is what the law regards as the place of residence of the minor." (Syl. ¶ 2.)

It was held in *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606, that—

". . . the husband, by coming to Kansas under the circumstances stated, did not change the domicile of his wife or his child from Oklahoma City, and the fact that the child was sent by the mother to visit relatives in Kansas at a place where the father was staying did not change the domicile of the child from Oklahoma City to Kansas." (Syl. ¶ 4.)

It was held in the compensation case of *Trammell v. Kansas Compensation Board,* 142 Kan. 329, 46 P. 2d 867, that—

"The ruling in the case of *Jaggar v. Rader,* 134 Kan. 570, 7 P. 2d 114, followed and approved to the effect that a minor has no capacity to select a domicile or place of residence of his own.

"The place of legal residence of a child during his minority is, generally speaking, that of his father, even though the father changes residence and the minor actually lives apart from him." (Syl. ¶¶ 1, 2. See, also, *Knuth v. Kansas Compensation Board,* 137 Kan. 392, 20 P. 2d 471; and *Craig v. Craig,* 143 Kan. 624, 56 P. 2d 464.)

We cannot avoid concluding that these minor children were not residents of school district No. 36 and holding there was inconsistency in the findings, and that they would not support the conclusion as to the residence of the minor children.

The claim that the defendants are estopped from questioning the right of these minor children to attend school in district No. 36, because of having permitted them to do so for two years before discharging them, is not well founded nor supported by any cited authorities.

The judgment is reversed and the cause is remanded with instructions to set aside and dissolve the injunction granted herein and render judgment for the defendants for costs.

THIELE, J., not sitting.