No. 33,801

ROBERT J. VENNUM, *Appellant*, v. KANSAS SOLDIERS' COMPENSATION BOARD and THE STATE OF KANSAS, *Appellees*.

(77 P. 2d 980)

Opinion filed April 9, 1938.

*Simeon Webb*, of Pittsburg, for the appellant.

*Clarence V. Beck*, attorney general, *Wm. E. Scott*, assistant attorney general, and *Clement Hall*, county attorney, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment of the district court in which a ruling of the soldiers' compensation board denying plaintiff's claim for compensation as a Kansas soldier in the World War was sustained.

The cause was tried without a jury. The court made a general finding in favor of the respondents and against the claimant, and gave judgment accordingly.

Plaintiff contends that the judgment was contrary to law and contrary to the evidence.

Considering the last point first, the burden rested on plaintiff to establish the fact that he was a resident of Kansas at the time he entered the army for service in the World War. This he did not do to the satisfaction of the trial court. While he himself gave testimony to that effect, his evidence also showed that although he was born and reared in Coffeyville, for three or four years he was "up in Montana, Washington, Oregon and Idaho," also in Nebraska, Nevada and Arizona; that he "had a residence in Grand View, Wash., in 1910, 1911 and 1912"; that he "was accepted for enlistment in Pendleton, Ore.," and that "they [presumably the U. S. recruiting officials] sent me to Vancouver, Wash." Plaintiff also testified that on his own written application he had received a bonus of $410 or $415 from the state of Washington as a soldier of that state.

"Q. What did that application blank say? A. I could not tell you to save my soul.

"Q. As a matter of fact, it had on there a statement that you were a bona fide resident of the state of Washington at the time of enlistment? A. It may have had; I don't remember about that."

In response to a question as to his travel pay when he was discharged from the army, plaintiff testified that he drew $165 as travel pay to Pendleton, Ore.

A witness called by plaintiff testified that he and the claimant were schoolmates in Coffeyville, and that Coffeyville had been plaintiff's home all his life. But his further testimony, in part, reads:

"Q. Do you know where he lived just prior to his enlistment and induction? A. No, sir; I do not."

Another witness called by plaintiff testified:

"I have known Robert J. Vennum for 29 years, ever since I came to Coffeyville. I first knew him in 1908. He was a resident of Coffeyville at the time he enlisted in the army during the World War."

But on further examination this same witness testified that "it was *his understanding* that the claimant was a resident of Coffeyville; that he didn't know when or where the claimant enlisted."

Another witness, sister of the plaintiff, gave testimony in his behalf, but she also testified that he had stayed "out west" for five or six years.

It is needless to recite or quote the evidence at greater length to dispose of plaintiff's contention that the trial court erred in its general finding on the issue of fact "in favor of the respondents herein and against the appellant, Robert J. Vennum."

Even if the trial court had given the most generous credence to plaintiff's evidence, it would scarcely support—and certainly not compel—a finding that plaintiff was a resident of Kansas at the time he entered the army as contemplated by the statute and interpreted by our decisions. (G. S. 1935, 73-102; *Baldwin v. Soldiers' Compensation Board,* 117 Kan. 129, 230 Pac. 82; *Modest v. Soldiers' Compensation Board,* 121 Kan. 681, 249 Pac. 588; *Deckwa v. Soldiers' Compensation Board,* 121 Kan. 858, 250 Pac. 332.)

Counsel for appellant cite cases like *Hipchen v. Soldiers' Compensation Board,* 144 Kan. 517, 61 P. 2d 878, where this court held that the trial court's finding of fact favorable to the claimant was sustained by competent evidence; also, cases like *Knuth v. Kansas Compensation Board,* 137 Kan. 392, 20 P. 2d 471, where this court dis-

agreed with the trial court, holding that "the evidence established beyond doubt that the veteran was a resident of the state of Kansas at the time he entered the service on April 6, 1917." Such cases merely indicate that those charged with the duty of weighing the probative force of evidence do not always agree. In the present case no error in the court's finding on the controlling issue of fact is made to appear. (*Peoples National Bank v. Diven,* 135 Kan. 400, 10 P. 2d 883; *Smith v. Lockridge,* 145 Kan. 395, 65 P. 2d 345.) Consequently no error of law inheres in the judgment predicated thereon.

The judgment is therefore affirmed.