## J. M. ADAMS v. JESSE EVANS, et al.

RESIDENCE; *Domicile; Intention to Change.* In order to effect a change of residence, there must exist both the intention to change, and the fact of removal. Neither is sufficient alone.

### *Error from Barbour District Court.*

AN order of attachment, sued out by *Adams* against *Evans* and others, was dissolved by the district judge, at chambers, on the 13th of September 1876. *Adams,* plaintiff, brings the case here. The facts are stated in the opinion.

*Adams & Allen,* and *Van Winkle & Hurd,* for plaintiff.
*J. T. Whitelaw,* for defendants.

The opinion of the court was delivered by

BREWER, J.: This was an action in which an attachment was issued, and levied upon the property of the defendants. The grounds of the attachment are thus stated in the affidavit therefor:

" That the said defendant Jesse Evans is a non-resident of the state of Kansas, and that said cause of action arose wholly within the limits of the state of Kansas, and that said defendants are about to remove their property, or a part thereof, out of the jurisdiction of this court with the intent to defraud their creditors."

A motion was made upon affidavits to vacate the attachment. This motion was sustained, and this ruling of the district court is the error complained of. As the testimony was all in affidavits, it comes before us in substantially the same manner as before that court. And the question presented for our consideration is one of fact, and that is, whether the charges in the affidavits for attachment are sustained by the testimony. And it seems to us that so far as the non-residence of the defendant Evans is concerned, it is clearly sustained. The principal testimony for the plaintiff is the following affidavit, which is signed and sworn to by eleven witnesses:

(*Title, and Venue.*) "The undersigned [*naming the affiants,*] being duly sworn, upon their oaths say, that they are each acquainted with Evans and Nelson, the defendants in the above cause; that on or about the 10th day of August 1876, and at different times at or near Sun City, Kansas, Charles Nelson, one of the defendants in the above cause, said in the presence and hearing of said affiants, that it was his intention to remove all the cattle from this county, so that if anything happened they would have no hold whatever upon him, and that he did not intend to keep said cattle in said county, but intended to remove them for the purpose above stated; that the said Charles Nelson at different times in the said county of Barbour, Kansas, and at or near Sun City, made said statements in the presence of said affiants, and other statements of like effect; and that said Jesse Evans' residence is in the state of Texas, and was at the time of the commencement of this suit, and he is now a resident of said state of Texas; and that he repeatedly said, in the presence and hearing of affiants, near Sun City, Barbour county, Kansas, in the month of May 1876, that his family were residing in said state of Texas, and that he would move his family into Barbour county if they had good school accommodations near here, and that his family were in the state of Texas, residing there;

and that said defendants said that they would dispose of and remove their property before they could get any hold of them in any of these cases; and that the said Evans was an actual and *bona fide* resident of Texas at the time said defendant Nelson made said statements, and has been since that time, and that they could do nothing with them here. Affiants say they are all residents of Barbour county, Kansas. Affiants say that said statements were made in the presence and hearing of these affiants; and each of said defendants said in hearing and presence of these parties, about the month of May or August 1876, that if anything came up, or if any suits were to be commenced, they would remove their cattle or dispose of them so as to defeat any action that might be commenced against them."

The strongest counter testimony is the affidavit of the counsel of defendant Evans, as follows:

(*Title, and Venue.*) "James E. Whitelaw, being sworn, says, that he is counsel for Jesse Evans, one of the above-named defendants, and knows that he is a resident of the state of Kansas; that the said Jesse Evans has bought and entered a domicile and improved a homestead in Barbour county, Kansas, and is now in the state of Texas for the purpose of bringing his family into and permanently residing in said state of Kansas."

There are some affidavits more or less clearly tending to show an intention on the part of Evans to remove to Kansas; but that it was the *intention* merely, not as yet carried into effect, is shown. Now in order to accomplish a change of residence, there must be not only the intention to change, but the fact of removal. Neither is sufficient without the other. (*Ballinger v. Lantier*, 15 Kas. 608.) Hence the attachment should have been sustained as to Evans upon the ground of non-residence.

Upon the other charge, which affects both defendants, the plaintiff's case is contained in the affidavit quoted. The defendants file the affidavit of eleven persons showing acquaintance with defendants, and stating positively that defendants have no intention of removing their property, or any part thereof— the affidavit of nine other parties, substantially corroborating these statements—and the affidavit of still four

others, tending to show a financial standing sufficient to preclude the idea of any desire or attempt to escape responsibility by a disposition of property. We cannot see that there is such a clear preponderance, if indeed there be any, as would justify a reversal of the ruling of the court in this respect.

The case will therefore be remanded, with instructions to sustain the motion and vacate the attachment so far as the defendant Nelson is concerned, and to overrule it as to the other defendant. The costs of this court will be divided.

All the Justices concurring.