No. 27,161.

ORVILLE ROBERTS, *Appellee*, v. (G. C. ROBERTSON et al.) THE MONTGOMERY COUNTY NATIONAL BANK, *Appellant*.

SYLLABUS BY THE COURT.

1. RESIDENCE—*What Constitutes.* Ordinarily the residence of a person is the place where he has established his abode and to which whenever he is absent he has the intention of returning. To accomplish a change of residence there must be not only the intention to establish a new residence, but also the fact of removal thereto.

2. CHATTEL MORTGAGES—*Residence of Mortgagor—Evidence.* The evidence is held to be sufficient to uphold a finding as to the residence of a party who had executed a chattel mortgage, and that he was a resident of the county in which the mortgage was filed for record.

3. SAME — *Identity of Mortgaged Automobile — Evidence.* The evidence is deemed to be sufficient to show that the automobile seized and sold by the defendant was the one upon which the plaintiff held a subsisting mortgage.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 9, 1927. Affirmed.

Chattel Mortgages, 11 C. J. pp. 527 n. 26, 528 n. 30 new, 617 n. 86; 5 R. C. L. 425. Residence, 34 Cyc. p. 1651 n. 79; 9 R. C. L. 538.

Roberts v. Robertson.

*Sullivan Lomax* and *O. W. Lomax,* both of Cherryvale, for the appellant.

*S. H. Piper* and *Thurman Hill,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought to recover an automobile, and in the event that it could not be delivered, a recovery of its value. Verdict and judgment were given in favor of plaintiff, and defendant appeals. ·

Orville Roberts, an automobile dealer, sold an automobile to W. R. Powell for $1,350, on November 18, 1924, on which a partial payment was made and a chattel mortgage thereon was executed by Powell to secure the payment of the unpaid balance. Several payments were made, which reduced the indebtedness to $866.25, but default was made in the payments, and it is alleged that plaintiff became entitled to the possession of the automobile. When the mortgage was executed it was recorded in Montgomery county, where the sale was made and where Powell was at work. Several years before the sale of the automobile, the Montgomery County National Bank had obtained a judgment against Powell in the district court of Neosho county, and about six months after the chattel mortgage was executed the bank caused an execution to be issued upon its judgment which was levied upon the automobile. The sheriff who made the levy returned that he had seized the property subject to a mortgage. Within five days a sale was made under the execution to G. C. Robertson, the president of the bank, and one of the defendants herein, for the sum of $300. In this action the controversy was as to the validity of the chattel mortgage, it being claimed by defendants that Powell was not a resident of Montgomery county, and that the mortgage was of no effect against creditors of the mortgagor because it was not recorded in the county in which the mortgagor resided. It is contended under the evidence that Powell was a resident of Neosho county. Testimony was introduced to the effect that Powell was a common laborer, and with his wife went from Chanute in Neosho county to Independence in Montgomery county in the summer of 1924. There he lived in light-housekeeping rooms and was employed at Independence in the sash and door factory, and also a brick plant, until sometime in February, 1925, when he went elsewhere to find work. It is stated and not denied that in his application for license his residence was given as Independence, and in an application for insurance he

stated that Independence was his residence. There was evidence that during the time he was in Independence he frequently went to Chanute on week-ends and on holidays. The jury found in answer to special questions that Powell was a resident of Montgomery county when the mortgage was executed and filed for record in that county.

In regard to the residence of Powell when the mortgage on the automobile was executed, it must be held 'that the evidence is sufficient to uphold the finding that he was a resident of Montgomery county. His residence is the place in which he has established his abode, the place in which he intends to live and to which whenever he is absent he has the intention of returning. In changing a residence, intention is an essential element, but is not of itself sufficient. To accomplish a change there must be not only the intention to establish a new residence, but also the fact of removal. (*Adams v. Evans,* 19 Kan. 174.) Powell evidenced his intention by engaging in business in Montgomery county and by taking his family with him and setting up a home there, which he designated as his residence. The fact that he visited his former home occasionally does not overthrow the testimony that he actually lived in Independence, Montgomery county. Within the authority of *Bank v. Kash,* 106 Kan. 713, 189 Pac. 960, it must be held that the finding of the jury is sustained by the evidence. A question is raised as to the identity of the automobile which had been mortgaged and subsequently seized and sold, but the evidence, although meager, is deemed to be sufficient. The sheriff in his return stated that the automobile seized was subject to a mortgage, and in conversations between the plaintiff and the defendant it was spoken of as if there was no question as to its identity and as if the car levied on was the same one that was mortgaged to plaintiff. It was described as an Oakland 1924 model runabout. In the return made by the sheriff he described the car levied on as "One Oakland runabout car, 1924 model, subject to mortgage." A witness testified that he saw the mortgaged car which had been seized and sold to defendant shortly before the trial in the town where the defendant lived. It also appears from the whole record that there was no real controversy as to the identity of the car seized and sold to defendants. We see no reason for disturbing the judgment and it is therefore affirmed.