No. 30,094.

W. J. Lassen, *Appellee,* v. Dorothy Lassen, *Appellant.*

(7 P. 2d 120.)

Opinion filed January 30, 1932.

*John Madden, John Madden, Jr.,* and *L. C. Gabbert,* all of Wichita, for the appellant.

*A. M. Ebright, Allen B. Burch, J. B. Patterson* and *P. K. Smith,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: The action was for divorce. Judgment was for plaintiff and awarding certain property and alimony to defendant. Defendant appeals from the judgment awarding the divorce and custody of the minor children. Plaintiff appeals from the order awarding alimony.

W. J. Lassen and Dorothy Lassen were married along in 1921. At that time they lived in Wichita. Three children were born of their union. In 1928 they went to California for a vacation. Mrs. Lassen stayed there with the children while Mr. Lassen returned to Wichita. He then went back and forth between Wichita and California. He testified that he at all times regarded Wichita as his home.

In October, 1929, Mr. Lassen came into possession of some letters

and telegrams which his wife had sent a man in Los Angeles. These letters and telegrams, together with other circumstances, convinced him that his wife had been guilty of improper conduct with this man. He immediately entered into a property settlement with her and filed suit for divorce in Los Angeles. The petition in this case alleged, for the purpose of conferring jurisdiction on the court, that Mr. Lassen was a resident of California.

Some time after this suit was filed Mr. Lassen returned to Wichita and later returned to California. At the time of this return Mrs. Lassen convinced him that he was wrong as to his conclusion that she had been unfaithful to him. The California suit was dismissed by Mr. Lassen and the couple lived together as man and wife for about two weeks.

Plaintiff then returned to Wichita. While he was there that time he had trouble locating his wife when calling over long distance. Finally investigation satisfied him that she was staying away from home a large share of the time. Further investigation convinced him that she was living with a bootlegger in Los Angeles.

Soon after this plaintiff sent his wife a telegram that caused her to return to Wichita. While she was there this suit was filed, alleging gross neglect of duty and extreme cruelty.

The district court of Sedgwick county held that it had jurisdiction, granted the prayer for a divorce, and awarded to defendant $12,000 cash to be paid over a period of six years, the house in California, subject to a mortgage, the car, which was in California, 16,000 shares of stock in the Aladdin Petroleum Company, and a share in two oil and gas leases. The custody of the children was awarded to the mother of plaintiff.

Appellant appeals from this order and urges as error—

1. The lack of jurisdiction of the court on account of nonresidence.

2. Refusal of adequate suit money.

3. That there was insufficient evidence that appellant was guilty of any misconduct.

4. That insufficient alimony was awarded appellant and that she should have been given custody of the children.

On the question of jurisdiction appellee relies on the provisions of R. S. 60-1502. That section provides as follows:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the peti-

tion, and a resident of the county in which the action is brought at the time the petition is filed unless the action is brought in the county where the defendant resides or may be summoned."

The proper allegation as to residence was made in the petition. Its truth was challenged by a plea in abatement and also in the answer. A hearing was had by the trial court on this issue of fact. The court found as a fact that plaintiff was a resident of Kansas at the time the petition was filed and had been for more than a year prior thereto. Defendant argues that the filing of the divorce petition, in which plaintiff alleged that he was a resident of California, was conclusive upon him as to his residence and that he was estopped to later claim that he was actually a resident of Kansas.

The fact that appellee made the affidavit referred to was merely a circumstance to be considered along with other circumstances on the question of residence. Residence is established by the intention of the parties, together with some act carrying that intention into effect. In this case the court made a specific finding of fact that appellee was a resident of Kansas. There was ample evidence to sustain that finding and it will not be disturbed on appeal.

Defendant claims that on account of the action begun in California, in which the affidavit of residence in California was made, plaintiff was estopped from later claiming residence in Kansas. The trial court held that this action had been dismissed before any relief had been granted appellee on account of it. Hence the case does not come under the rule announced in the cases cited by appellant, where a party was invoking the jurisdiction of one court and later in another proceeding, while the first case was pending or while he was enjoying the benefit of the first case, challenged the jurisdiction of the first tribunal.

Defendant urges that the judgment should be reversed because insufficient suit money was allowed by the court and because the case was not continued at the request of defendant on account of a reply that was filed the morning of the trial. The facts as to that are that when the answer of defendant was filed, setting out the California proceedings, plaintiff on the day of the trial filed a reply alleging that he had not read the petition in that case and did not know it contained the allegation about residence. Defendant insists that the case should have been continued to permit her to go to California and secure the testimony to meet this allegation. In view of the fact that the trial court decided, and we hold, that the

making of the California affidavit was merely a circumstance and of no binding force whatever, we conclude that the refusal of the court to grant a continuance in order to permit defendant to go to California to secure evidence to meet this allegation was not error.

The same general complaint is made as to the failure of the court to order plaintiff to pay defendant an additional amount of money for purposes of preparing the case. This is a matter upon which the court must exercise its discretion. In the absence of some evidence of an abuse of that discretion, the decision will not be disturbed.

Defendant complains that there was not sufficient evidence to sustain a judgment for divorce. The point raised is that plaintiff condoned the misconduct of defendant when he lived with her as husband and wife after discovering it. That would have been a good defense were it not for the fact that defendant engaged in the subsequent misconduct with the Los Angeles bootlegger, and various acts of other misconduct, which were discovered after the filing of the suit. Plaintiff had not learned about these acts before, and hence could not have condoned them.

The rule is that where the injured spouse cohabits with the offending one, knowing of the misconduct of the other, the cohabitation operates to condone the misconduct and it cannot be used as grounds for a divorce, but where after the cohabitation the offending spouse again is guilty of misconduct, then the force and effect of the former misconduct is revived and can be made the basis for a suit. (*Entsminger v. Entsminger*, 99 Kan. 362, 161 Pac. 607, 9 R. C. L. 384, 19 C. J. 87.)

Defendant calls attention to the finding by the court that "it appears from the evidence that both the parties to this case have given cause for divorce. A divorce might be granted to either, if both were asking or it might be denied to both." It is then argued that since the court thus found, the divorce should have been denied. We have held that where both parties are in equal wrong the court may, in its discretion, grant or deny the divorce. (*Roberts v. Roberts*, 103 Kan. 65, 173 Pac. 537.) We see nothing in this case to cause us to disturb the conclusion which the trial court in the exercise of its discretion reached.

Defendant complains as to the alimony that was allowed her by the court and as to the fact that the mother of plaintiff was given the custody of the children. There is a cross-appeal here by plain-

tiff asking that the judgment be reversed as to the allowance of $12,000 cash to appellant and that he be given custody of the children.

As to the allowance of alimony, the trial court had all the witnesses before it. An ample opportunity was afforded to ascertain the financial condition of plaintiff. An exhaustive research into this was had. The amount of alimony that should be allowed is a matter over which the trial court should exercise its discretion. It did so in this case and its order will not be disturbed. Both parties complain that the custody of the children should have been allowed to them rather than to the mother of appellee. It appears to us that this was a very wise selection. Moreover, the custody of the children is a question over which the court will have continuing jurisdiction as long as they continue to be minors. If something should come up that would make the mother of appellee an unsuitable person to have the custody of these children, or for any other reason their custody should be changed, it can then be called to the attention of the trial court.

There was a motion for a contempt order filed in this case growing out of the failure of appellee to obey an order of this court to pay the interest and taxes on the California house. This motion was submitted at the same time the case was submitted on its merits. However, it will be passed to some future time.

The judgment of the trial court is affirmed.