No. 36,290

ANNA MARIE GLEASON, *Appellee*, v. JOHN E. GLEASON, *Appellant*.

(155 P. 2d 465)

Opinion filed January 27, 1945.

*O. A. Wilson*, of Jetmore, argued the cause for the appellant.

*Forest V. McCalley*, of Syracuse, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for divorce, alimony and custody of minor children. The probate court of Hamilton county, where the action was filed, made, in the absence of the district judge, an *ex parte* order for custody of the children and for alimony. The defendant appeared specially and filed a motion to dissolve this order on the ground that plaintiff was not a bona fide resident of the county where the action was filed, and the probate court had no jurisdiction to make the order, nor did the district court of that county have jurisdiction of the action. Evidence was heard on this motion by the district court and it was overruled. The defendant has appealed from that order.

The defendant testified that his wife took their two children and left the farm home in Hodgeman county August 2, 1944. He located her at her sister's home in Colorado. On August 23 with his wife's sister he went to the farm in Colorado where his wife was. While there he became suspicious and left for home taking the two children with him. The sister-in-law, who went to the farm with defendant, testified that she heard her sister calling the marshal in Holly, Colo., to have papers served on defendant in an action brought by her in Colorado for separate maintenance and custody of the children; that the papers were brought to the house while she was there.

The plaintiff called as a witness for the defendant testified that

she cashed a check and left Hodgeman county for Colorado; that after being in Colorado awhile she consulted a lawyer; that she gave him the data and had him prepare a petition for separate maintenance. She identified Exhibit 2 as a copy of this petition. She had looked for employment at Lamar, Colo., and did not change her mind about leaving Colorado until after defendant had taken the children; that she left Colorado the afternoon of August 23, 1944, when she did not get the papers in the Colorado action served; that she told her lawyer in Colorado she was living with her sister in Prowers county, Colorado, at the time he prepared the papers for the separate maintenance action. This action was filed in Hamilton county August 24.

On behalf of herself plaintiff testified as to the separate maintenance action that she just went to see the lawyer and he prepared the papers; that she was living with her sister in Colorado; did not know for sure whether she would stay there; that she came to Hamilton county, Kansas, on August 24, 1944, expecting to stay; that at the time of testifying she had employment at the telephone office and Ames Coffee Shop in Syracuse. On cross-examination she testified that she had worked four days at the telephone office and three at the coffee shop; that had she obtained service on her husband in Colorado she "most likely" would have stayed out there; that she did not expect to go back to Hodgeman county nor to Prowers county; that when she left the courtroom she expected to go to Syracuse in Hamilton county.

The sister of plaintiff with whom she stayed in Colorado testified that when she was living with her she did not know what she was going to do.

A copy of the complaint in the action for separate maintenance was introduced as an exhibit. Among other things, it contained a paragraph as follows:

"Comes now the plaintiff by her attorney, Wilkie Ham, and for a cause of action against the defendant says: . . . That the plaintiff is a resident of the County of Prowers and State of Colorado, and the children are residing with the plaintiff in said county."

The prayer was for a decree of separate maintenance and for custody of the children. This complaint was not verified by the plaintiff. It was signed by her attorney. It was not filed. It seems that the practice in such actions in Colorado is to obtain service on the defendant before the complaint is filed.

The judge of the trial court made a statement at the time of the decision. In part he said—

"The court isn't in doubt about the residence of the plaintiff in Hamilton county as being sufficient for the purpose of filing a suit if she hadn't changed her residence from the State of Kansas. . . . I believe the court will hold that the plaintiff . . . didn't actually change her residence from the State of Kansas; that she was for all necessary purposes a resident of Hamilton county at the time she filed this suit . . . that defendant's motion to dissolve the . . . order by the Probate Judge of Hamilton county, Kansas, . . . is . . . overruled.

This appeal is from that order.

The section providing for residence of plaintiffs in divorce actions is G. S. 1935, 60-1502. It is in part as follows:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned."

Defendant points out that plaintiff testified she did not change her mind about leaving Colorado until defendant took the children; that had she obtained service on her husband in Colorado she most likely would have stayed there, together with the statement in the complaint in the action for separate maintenance that she was a resident of Colorado and argues that these circumstances compel a finding by the trial court that she had not been "an actual resident in good faith of the state for one year next preceding the filing of the petition."

The case turns on whether plaintiff abandoned her residence in Kansas when she went to Colorado. Of course if she became a resident of Colorado then she had not been a resident of Kansas for a year before she filed the petition in this action since she filed it the next day after she arrived in Hamilton county from Colorado.

G. S. 1935, 77-201, 23d subparagraph provides in part as follows:

"The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning."

We have held "residence" and "domicile" to be equivalents. See *Modern Woodmen v. Hester*, 66 Kan. 129, 136, 71 Pac. 279. It will be noted that the statutory definition uses the word "adopted" and "intention." The use of these words in such a definition means that whatever tribunal has the task of determining whether a particular

place was the residence of a particular person at a particular time must reach a conclusion as to the mental processes of such a person at such a time. The trial court in such a case examines all the surrounding facts and circumstances, including declarations of the person claiming residence. It is no different from any other question of fact except that intention must be considered. In *Strackeljohn v. Campbell*, 136 Kan. 145, 12 P. 2d 829, we considered a case something like this where a family stayed in Garden City in Finney county during the school year and moved to a farm in Gray county at the end of each school year. On evidence the trial court found that Gray county was the family's residence. On appeal we held:

"Whether a place which a person has chosen and is maintaining as a habitation, declared by him to be his residence, shall be held to be his legal residence, or whether a habitation at another place which he occupies part of the time shall be deemed to be his legal residence is largely a question of intention and where his conduct and other circumstances concur with his declared intention to fix the place chosen as his residence for an indefinite time, a finding of the court that such place so chosen is his legal residence will not be disturbed on appeal.

"Where one establishes a residence in a place and later goes to another place for a temporary purpose, as that he goes there so that his children may attend school, and does so with the intention of returning to his fixed home when the school term ends, such temporary absence does not effect a change of residence." (Syl. ¶¶ 1, 2.)

Here the trial court heard the evidence and examined all the surrounding facts and circumstances. The remarks of the trial court amounted to a finding that plaintiff did not abandon her residence in Kansas when she went to Colorado. There was substantial evidence to sustain this finding.

This conclusion requires the affirmance of this judgment.

There is a further matter that requires our attention. The original order by the probate court of Hamilton county for the custody of the two minor children of the plaintiff and defendant and for support money for plaintiff in the amount of twenty-five dollars a week was made August 24, 1944, *ex parte,* and without evidence. The motion to dissolve this order was filed immediately and heard and overruled by the judge of the district court on September 2, 1944. When the appeal was taken to this court, the plaintiff filed a motion here for custody of the two children and for suit and support money. On October 20, 1944, we heard this motion and denied it except for an allowance of one hundred dollars to the counsel for plaintiff. We

stated in our order that the motion might be renewed at the hearing of the appeal on its merits.

At the December term we heard the appeal on its merits and this opinion is a determination of that appeal. Should the judgment finally be affirmed, unless an order otherwise be made by us, the order of the probate court of Hamilton county of August 24, giving custody of the minor children to plaintiff and for the weekly payment of twenty-five dollars a week, would become effective. To date the matter of custody of the children and support money has not been heard by the district court nor has defendant been given an opportunity to be heard on these two important matters. At the present time the children are with their father on the farm in Hodgeman county. One of them is eight years old; the other is five. They are both attending a school near to this farm home. The district court can hear and decide the question of custody on a proper application. This is also true of the matter of support money.

It is, therefore, ordered that the order of the probate court of August 24, 1944, as to custody of the children and support money be stayed until such time as the district court of Hamilton county hears and determines the matter on a proper application.

The judgment of the trial court is affirmed.

BURCH, J., not participating.