No. 40,808
WARREN K. IRVIN, *Appellant,* v. SHIRLEY A. IRVIN, *Appellee.*
(322 P. 2d 794)

Opinion filed March 8, 1958.

*Louis F. Eisenbarth,* of Topeka, argued the cause, and *Donald D. Farmer,* of Topeka, was with him on the briefs for appellant.

*Gene E. Schroer,* of Topeka, argued the cause, and *Norbert R. Dreiling,* of Hays, *Robert W. Domme* and *Michael A. Barbara,* both of Topeka, were with him on the briefs for appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a divorce action from an order of the lower court sustaining the defendant's oral motion to dismiss on the ground that the plaintiff (appellant herein) was not an actual

bona fide resident of Shawnee County at the time his action was filed in Shawnee County, Kansas.

The only question presented is whether there was 'sufficient evidence for the trial court to conclude that the plaintiff was not an actual bona fide resident of Shawnee County, Kansas, at the time he filed his action.

The facts in this case are not in dispute. The plaintiff and the defendant, husband and wife respectively, lived at Emporia, Kansas, in a housekeeing apartment from sometime in July, 1955, until the summer of 1956. In May, 1956, the wife was admitted to the Topeka State Hospital under a 90-day referral order of the Lyon County Probate Court, and during the month of July, 1956, became a voluntary patient at that hospital. Prior to October 1, 1956, the plaintiff had employment near Emporia working on construction of the Kansas Turnpike. On or about the 1st day of October, 1956, the plaintiff's employer moved to a job in Colorado. On the advice of the wife's doctor that plaintiff remain near his wife, plaintiff came to Topeka and rented a sleeping room at 1011 Munson Street. He abandoned the apartment in Emporia and obtained employment as a surveyor with an engineering firm in Topeka to be near his wife. He brought his personal belongings with him and stored his household goods and furniture on his father's farm at McCracken, Kansas. He took most of his wife's clothes to the hospital. Plaintiff had not lived in McCracken since childhood and had no living quarters other than the sleeping room at 1011 Munson, Topeka, Kansas, at the time this action was filed. Plaintiff reported for work each day at his employer's office in Topeka and for sometime traveled to a project in the Olathe area from said office each day.

As to the plaintiff's intention to make Topeka his residence he testified in substance that after he moved to Topeka he did not have any residence in Emporia or anywhere else; that he intended to stay, continue to live, and make Topeka his home; that he intended to keep on working for his Topeka employer and possibly go back to school next fall. He testified that he desired to acquire a degree in engineering and would have to go to Kansas State College or Wichita University for that purpose.

On the 23rd day of November, 1956, at about 9:00 a. m., the husband filed his action for divorce against the wife in Shawnee County, attempting service upon her at the Topeka State Hospital. The wife left the hospital before service was had upon her and went to Ellis County, Kansas, the home of her parents. On the same day at

about 3:00 p. m., the wife filed her action for divorce in Ellis County, Kansas. On the 26th day of November, 1956, the wife was served with summons in Ellis County in the Shawnee County action, and at the time of the hearing in the lower court there was no return of service upon the husband in the Ellis County action.

The wife filed a written motion in the Shawnee County District Court to dismiss the husband's action in Shawnee County on the ground that the Ellis County action was prior in time. At the time of the hearing on this motion, December 21, 1956, the parties stipulated, among other facts, that the Shawnee County action was filed prior in time, as heretofore related, and the trial court so found. The wife then orally moved that the action in Shawnee County be dismissed on the ground that the husband was not a bona fide resident of Shawnee County at the time his petition was filed.

The husband took the witness stand and testified under oath on direct and cross examination and upon examination by the court. The wife was present in court with her attorney and offered no testimony. The foregoing facts are the substance of the husband's testimony and the stipulations entered into by the parties. In addition to the husband's testimony the lower court had before it in evidence the allegations of the verified petition filed by the wife in Ellis County (conceded by appellee in her brief), which was attached as an exhibit to her written motion to dismiss. The pertinent portion of the petition recites:

"That the defendant [husband] is a resident of Shawnee County, Kansas, and that his correct post office address is 1011 Munson Street, Topeka, Kansas.

. . . . . . . . . . . . . . .

"Plaintiff [wife] alleges the defendant is regularly employed as a member of a survey team by an engineering firm in Topeka, Kansas. . . ."

Upon the foregoing evidence the trial court dismissed the husband's action in Shawnee County on the ground that the husband was not an actual bona fide resident of Shawnee County at the time his petition was filed, whereupon appeal was duly perfected to this court.

Three statutes have a bearing on the question presented. G. S. 1949, 60-508, provides:

"An action for a divorce, or to annul a contract of marriage, or for alimony, may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition or where the defendant resides or may be summoned."

The pertinent portion of G. S. 1949, 60-1502, reads:

"The plaintiff in an action for divorce must have been an actual resident in good faith of the state for one year next preceding the filing of the petition,

and a resident of the county in which the action is brought at the time the petition is filed, unless the action is brought in the county where the defendant resides or may be summoned: . . ."

In the construction of the statutes of this state, G. S. 1949, 77-201, *Twenty-third,* defines residence as follows:

"The term 'residence' shall be construed to mean the place adopted by a person as his place of habitation, and to which, whenever he is absent, he has the intention of returning. When a person eats at one place and sleeps at another, the place where such person sleeps shall be deemed his residence."

While for many legal purposes there is a clear distinction between residence and domicil, when jurisdiction of a court is under consideration, residence, as defined by the statute, is substantially the equivalent of domicil. (*Ford, Adm'x, v. Peck,* 116 Kan. 74, 225 Pac. 1054; and *Arnette v. Arnette,* 162 Kan. 677, 178 P. 2d 1019.)

It is universally recognized that change of domicil involves two things: physical or bodily presence in the locality involved, represented in the statutory definition by adoption of a place of habitation; and the intent to abandon the old domicil and adopt another in the new location, either permanently or indefinitely, represented in the statutory definition by intention of returning when absent. These elements must concur if a new domicil is established. In other words, there must be a concurrence of the fact and the intent, the factum and the animus. The absence of either of these elements thwarts a change of domicil. It is not necessary, however, that the intent be conceived at the same time as the removal to the new locality. A subsequent concurrence of physical presence and intent to adopt the new locality as a domicil is sufficient in this respect, length of time being unimportant, and the character of the place of abode at the new location is of no importance, except as bearing on the question of intent. (*Ford, Adm'x, v. Peck,* supra; *Roberts v. Robertson,* 123 Kan. 222, 254 Pac. 1026; *Blair v. Blair,* 149 Kan. 3, 85 P. 2d 1004; and 17A Am. Jur., Domicil, § 18, p. 209.)

It is axiomatic that every person must have a domicil somewhere. A domicil once established continues until it is superseded by a new domicil. Therefore, when a home is abandoned, the domicil continues until a new domicil is acquired. (17A Am. Jur., Domicil, § 17, p. 207; and Restatement of Law, Conflict of Laws, Domicil, § 23, p. 47.)

Where a trial court makes a specific finding of fact on apparently conflicting, or actually conflicting, evidence, our only function on

appeal is to ascertain whether there is substantial competent evidence which supports, or tends to support, the finding made and not whether there is some evidence to support a contrary finding had one been made. (*Arnette v. Arnette*, supra, and cases therein cited.) It is no different than any other question of fact except that intention must be considered. (*Gleason v. Gleason*, 159 Kan. 448, 155 P. 2d 465.) The instant case, however, presents an entirely different situation. There is no conflicting evidence.

Ordinarily the trier of the fact is not required to believe the testimony of any witness merely because there is no direct testimony to controvert it. But where the plaintiff produces the only testimony on every material element bearing upon his residence, which is the matter in issue, and such testimony is not inherently improbable or uncandid, the cross examination does not develop any conflict, examination by the court does not develop any conflict, the defendant produces no testimony in opposition, and the plaintiff's testimony is corroborated by the verified statement of the defendant, the trier of fact is not justified in arbitrarily or capriciously disregarding such testimony. (*Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252, 181 P. 2d 498.)

Without further elaboration herein, specific reference is made to the opinion in the Gibbs case, which reviews many of our cases upon the general subject as to when a court or jury is at liberty to disbelieve uncontradicted testimony, and we need not comment further upon it.

While it is recognized that the verified petition of the wife filed in Ellis County does not conclusively establish the residence of the husband, it is a circumstance to be considered along with all of the other circumstances on the question of residence. (*Lassen v. Lassen*, 134 Kan. 436, 7 P. 2d 120.)

In the instant case the plaintiff must have had a domicil somewhere on November 23, 1956, the day his petition was filed in Shawnee County, Kansas. He had abandoned his apartment in Emporia and he no longer lived there. Surely his domicil was not there. The mere fact that he declared an intention to go to school a year later to study engineering did not establish a domicil in Manhattan or Wichita, the schools he mentioned in his testimony. The mere storage of his household goods at his father's farm, where he had not lived since childhood, did not establish a domicil there. The plaintiff worked in Topeka and lived in Topeka. While the

facts indicate that his plans for the future were indefinite, the only domicil that plaintiff could have under the facts and circumstances, which are not controverted, is Shawnee County. When he came to Topeka, the plaintiff's wife was in the Topeka State Hospital and had been for several months. The mere fact he rented a sleeping room rather than an apartment loses its significance in light of the change in his circumstances. We therefore conclude that the trial court erred in finding that the defendant was not a bona fide resident of Shawnee County and in dismissing plaintiff's action.

The judgment of the lower court dismissing the plaintiff's action is reversed and the cause remanded for trial.