J. Ronald Vignery Vignery Mason L.L.C. 214 E. 10th Street Box 767 Goodland, Kansas 67735
Dear Mr. Vignery:
As legal counsel for unified school district no. 412 (USD 412), you request our opinion regarding the eligibility of a person elected as a member of the board of education for USD 412 to be seated on the board.
In the recent school elections, a person residing within member district no. 5 of USD 412 filed as a candidate for member of the board of education. The person was erroneously placed on the ballot as a candidate for member district no. 2, ran unopposed for that seat, and was elected to the board for member district no. 2. Upon discovery of the error, the person was notified that he was required to establish residency in member district no. 2 before taking office. According to the facts provided, "the newly elected member leased an abandoned farmstead in which he had never lived and which is not habitable at this time. He erected a post office box and declared himself a resident of District No. 2 to which he was elected, though physically residing in District No. 5." Correspondence, J. Ronald Vignery, May 19, 1995.
USD 412 utilizes the six district method of election for members of the board of education. Under such method of election, the unified school district is divided into six member districts which are numbered one through six. K.S.A. 72-8009; see K.S.A. 25-2004. "[P]ersons elected or appointed to be a member of the board of education of such school district shall reside in the member district corresponding to the member position to which such person is elected or appointed unless such person is a member at-large of the board of education. The member at-large may reside anywhere within the school district." K.S.A. 25-2022a; see also K.S.A.72-8009. The residency requirement is applicable at the time a person files as a candidate for member of a board of education. K.S.A. 25-2020.
In order to determine the eligibility of the person elected to serve as a member of the board of education for USD 412 member district no. 2, it must be determined whether the person is a resident of member district no. 2. For the purpose of determining the residence of a person offering to vote, residence is defined as meaning "the place adopted by a person as such person's place of habitation, and to which, whenever such person is absent, such person has the intention of returning." K.S.A. 25-407. Residence is similarly defined in the rules of statutory construction, with the additional proviso that "[w]hen a person eats at one place and sleeps at another, the place where the person sleeps shall be considered the person's residence." K.S.A. 1994 Supp. 77-201Twenty-third. [Indicia of the intent to establish residence are set forth in Irvin v. Irvin, 182 Kan. 563, 566 (1958), State, exrel. v. Jones, 169 Kan. 521, 526 (1950), and Arnette v. Arnette,162 Kan. 677, 680 (1947).] Based on the information provided, the lease agreement for the farmstead was not entered into until after the election occurred. The person elected to member district no. 2 did not have a place of habitation in member district no. 2 at the time he filed his candidacy. Rather, during the person's candidacy, the person remained a resident of member district no. 5, and thus was not qualified to seek the office of member of the board of education for USD 412 member district no. 2.
The election of a person to a board of education member district in which the person has not established residency may not be cured under K.S.A. 25-702. Pursuant to K.S.A. 25-702, the person receiving the highest number of votes should be deemed to have been elected to that office despite the occurrence of technical
irregularities in the election of such person. The importance of geographical representation on a board of education belies any intent that nonresidency be a technical irregularity subject to correction by K.S.A. 25-702. Disqualification by nonresidency is not such an irregularity. In re Election of Massey, 227 Kan. 155,159-60 (1980).
The duty of the county board of canvassers is ministerial only and its sole function is to meet, canvass the vote, and declare the results. Wycoff v. Board of County Commissioners, 191 Kan. 658,663 (1963). The county board of canvassers does not possess the statutory authority to determine the qualifications of candidates.Coates v. Camp, 161 Kan. 732, 740 (1946); Attorney General Opinion No. 95-27. Upon completion by the county board of canvassers of the final canvass of general election returns, the county election officer is required to prepare and issue a certificate of election to each person elected. K.S.A. 25-3110; Coates, supra; see K.S.A.25-2009. Once the certificate of election has been issued, the election of a person who is ineligible to hold office at the time of election is subject to contest under K.S.A. 25-1434 et seq. K.S.A. 25-1436; State, ex rel., v. Irey, 116 Kan. 21, 25 (1924). The notice of contest must be filed within five days after the certificate of election is issued. K.S.A. 25-1439. It is our understanding that the person elected as a member of the board of education from member district no. 2 received a certificate of election and more than five days have passed since issuance of the certificate of election. Under such circumstances, K.S.A. 25-1434et seq. are inapplicable.
It has been suggested that the county election officer may refuse to administer or file an oath of office if the county election officer determines the elected person does not meet all remaining qualifications for holding office. Each member of a board of education qualifies by filing the oath of office set forth in K.S.A. 54-106. K.S.A. 25-2023; 25-2024. Taking the oath of office is a prerequisite to assuming the official duties of a member of the board of education. Attorney General Opinion No. 88-168; see State, ex rel., v. Stewart, 90 Kan. 778 (1913). In determining whether the county election officer may refuse to administer or file an oath of office for a person elected as a member of a board of education, it is necessary to review the provisions of K.S.A. 25-2024.
 "Every person elected or appointed to be a member of a board of education of any school district shall, before entering upon the duties of such office, take and subscribe an oath or affirmation as specified in K.S.A. 54-106, and every such oath or affirmation shall be filed with the county election officer of the home county of the school district. In the event that any filing required by this section has not been so filed within thirty (30) days after a certificate of election has been issued therefor, the county election officer shall send a letter to the offending person, advising him that he has failed to qualify for office and quoting the provisions of this section. Thereupon, if the filing required by this section has not been made as herein required within sixty (60) days after such certificate of election was issued, the county election officer shall send a written notice thereof to the clerk of the board of education to which such candidate was elected." K.S.A. 25-2024 (emphasis added).
A ministerial act is one which a public officer or agent is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. State ex rel., Stephan v.O'Keefe, 235 Kan. 1022, 1025 (1984). The county election officer exercises no discretion under the provisions of K.S.A. 25-2024. Pursuant to the statute, the county election officer is not only obligated to file the oath of office of a person who has received a certificate of election as a member of a board of education but must also contact a person who has not filed the required oath of office. Because the county election officer performs only a ministerial act when filing the oath of office of a person elected as a member of a board of education, the county election officer does not possess the authority to refuse to file the oath of office. See Coates, 161 Kan. at 740.
However, filing the oath of office does not entitle a person otherwise disqualified from serving as a member of a board of education to take a seat on the board to which elected. SeeJansky v. Baldwin, 120 Kan. 332 (1926) (county superintendent; defendant had not taught required number of months; "Defendant is not entitled to the office because he is not eligible; plaintiff [who had been elected in 1922] was not elected, in 1924, because she did not receive a majority of the votes. The election was a nullity, but plaintiff is entitled to hold the office until her successor is elected and qualified."); Irey, supra (probate judge; person receiving most votes did not meet citizenship requirement; "Irey is the present probate judge and is entitled to continue his services in that capacity unless Roadhouse has a legal claim to it, and that is not the case if the law makes him incompetent to hold it."); Weston v. Lane, 40 Kan. 479 (1889) (clerk of school district; defendant engaged in business with school district; "It would also be idle to clothe him with an office from which he would be at once subject to removal, and when the performance of its duties would lay him liable to prosecution and to punishment."). Pursuant to K.S.A. 25-2023, "[e]ach member elected to a board of education shall hold office until a successor iselected or appointed and qualified and shall serve for a term of four (4) years." (Emphasis added.)
 "`It seems to be well settled that the indefinite portion of time indicated by the phrase "until their successors shall be qualified" is as much a part of the term of office as the time during which the officer is entitled absolutely to hold. In the one case he is entitled to hold as against every one [sic], and in the other as against every one [sic] except such as should come with legitimate credentials,' [citation omitted]. . . . The tenure of the incumbent lasts until some one [sic] else has acquired a legal right to hold the office." Irey, 116 Kan. at 24-25.
A member of a board of education serves until a successor is elected and qualified. If it is determined that a person elected to serve as a member of a board of education is not at the time of filing a resident of the member district from which elected, the person presently serving in that capacity would continue to hold office.
In review, a person elected to be a member of the board of education of a school district utilizing the six district method of election must, at the time of filing as a candidate, reside in the member district corresponding to the position to which such person is elected unless elected as the at-large member. Nonresidency is not a technical irregularity subject to correction by K.S.A. 25-702, and filing the oath of office does not entitle a person otherwise disqualified from serving as a member of a board of education to take a seat on the board to which elected. If it is determined that a person elected to serve as a member of a board of education was not at the time of filing his candidacy a resident of the member district from which elected, the person serving in that capacity prior to the election would continue to hold office until a successor is qualified.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS: