Jan Satterfield Butler County Attorney 214 W. Central El Dorado, Kansas 67042
Dear Ms. Satterfield:
As Butler County Attorney, two situations have caused you to ask our opinion concerning the meaning of "residency" for purposes of the residency requirement for township officials and for third class city council candidates.
The first situation involves a township board member who owns a home in the township. However, at present that home is not occupied; the township official currently lives in a home located outside the township. This official is registered to vote at his unoccupied house in the township.
The second situation involves a candidate for the City Council of Cassoday, a city of the third class. While the candidate owns a home in Cassoday, at present that home is being rented out; the candidate currently lives in Towanda.
Qualifications for Township Officials: Every person elected to the office of trustee, clerk or treasurer of any township is required to be an elector of that township.[1] Upon any township official becoming a nonresident of the township, the office at once becomes vacant.[2]
 Qualifications for City Council Members: Elected or appointed third class city council members are required to be "qualified electors" of a city of the third class.[3] Should a council member become a nonresident of the city, a vacancy in that office occurs.[4]
Being a qualified elector in relation to township officials as well as to third class city council candidates is tied to residency through Article 5, Section 1 of the Kansas Constitution:
 "Every citizen of the United States who has attained the age of eighteen years and who resides in the voting area in which he or she seeks to vote shall be deemed a qualified elector." (Emphasis added.)
The determination of residency, unfortunately, is not susceptible to a bright line test. For purposes of determining the residence of a person offering to vote, "residence" means the place which is adopted by a person as the person's place of habitation and to which, whenever the person is absent, the person has the intention of returning.[5] A person has a right to change his residence, either temporarily or permanently. Whether he does, or which he does, is determined by his acts and his intentions.[6] In other words, the question of whether a person is a resident so as to make him a qualified elector is a question of fact and "about as difficult a fact question as the courts have to consider. The books are full of cases where some voter has been gone from some place, usually an old home, and has insisted that his residence for voting purposes was still at the old home precinct."[7] A person is not considered to have lost his residence by leaving his home and going elsewhere for temporary purposes, with an intention of returning. The length of time that a person remains at a new locality is not important, except as indicia of intent.[8]
Residence is a combination of acts and intention; both must concur.[9]
"[W]hatever tribunal has the task of determining whether a particular place was the residence of a particular person at a particular time must reach a conclusion as to the mental processes of such a person at such a time. The trial court in such a case examines all the surrounding facts and circumstances, including declarations of the person claiming residence. It is not different from any other question of fact except that intention must be considered."[10]
As an example, the Court looked to an earlier case[11] where persons had temporarily left their residence in one place so that their children could attend school elsewhere. This temporary absence did not cause a change of residence because of the persons' intention of returning to their fixed home when the school term ended.
In light of the fact specific nature of the inquiry necessary to reach a conclusion, we do not express an opinion as to whether the persons you ask about have removed their residences from the applicable districts. To determine whether either of these persons has removed his or her residence from the township or city, each person's actions and intentions must be considered by the county election officer. Additional cases with particularized factual scenarios that may be of assistance in determining residency are footnoted below.[12]
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] K.S.A. 80-202.
[2] Id.
[3] K.S.A. 15-209.
[4] Id.
[5] K.S.A. 25-407; see also K.S.A. 77-201, twenty-third.
[6] State ex rel. Parker v. Corcoran, 155 Kan. 714 (1942).
[7] Hansen v. Lindley, 152 Kan. 63, 67 (1940).
[8] Irvin v. Irvin, 182 Kan. 563 (1958).
[9] Littell v. Millemon, 154 Kan. 670 (1942).
[10] Gleason v. Gleason, 159 Kan. 448, 450-51 (1945).
[11] Stackljohn v. Campbell, 136 Kan. 145 (1932).
[12] Gentry v. Hornung, 136 Kan. 340 (1932); Farmer's State Bank ofBelvue v. Weeks, 138 Kan. 376 (1933) and cases cited therein;State ex rel. Parker v. Corcoran, 155 Kan. 714 (1942) and cases cited therein; Arnette v. Arnette, 162 Kan. 677 (1947).